[Civil No. 4281. Filed November 12, 1940.]

[106 Pac. (2d) 1024.]

PARAMOUNT PICTURES, INC., and EMPLOY-
ERS' LIABILITY ASSURANCE CORPORA-
TION, LTD., Petitioners, v. THE INDUSTRIAL
COMMISSION OF ARIZONA, and GEORGE C.
EDWARDS, Administrator, Respondents.

Mr. Theodore G. McKesson, for Petitioners.

Mr. H. H. Baker and Mrs. Nellie T. Bush, for Respondent Edwards.

LOCKWOOD, J.—James L. Edwards, hereinafter called petitioner, applied to the Industrial Commission of Arizona, hereinafter called the commission, for compensation for injuries which it is alleged he received while in the employ of Paramount Pictures, Inc., hereinafter called the employer. The commission made an award in his favor, and the matter was brought before us for review.

Before any payment had been made on the award, petitioner died, and, the appeal being pending in this court, a motion was made that George C. Edwards, as special administrator of the estate, be substituted. This motion was resisted by the employer on the ground that under the decision of this court in *Sorenson* v. *Six Companies*, 53 Ariz. 83, 85 Pac. (2d) 980, the right to recover an award did not survive the death of petitioner, and that the suit should, therefore, abate. We denied the motion to substitute the special administrator, and a petition for rehearing was filed, calling our attention to the fact that the award in this case, unlike that of the Sorenson case, contained not only an award of compensation for lost time, but also an award for the cost of medical attendance and hospitalization which had been paid by petitioner out of his own funds, and held by the commission to be properly chargeable against the employer. We deferred determination of this motion until the case was presented on its merits.

 It is necessary that we should dispose of this motion for rehearing first, for if we affirm our action in refusing to substitute the special administrator, the award must, of course, be set aside. The right to compensation is purely statutory in its nature, and we must resort to the statute to determine its extent and limitations. The workmen's compensation law, being article V of chapter 24, Revised Code of 1928, as amended at various times by the legislature, governs the entire subject. Upon a reading and comparison of the various sections of the law, it appears clearly that it gives two independent and distinct benefits for the injured workman, (a) compensation for lost time, and (b) medical attendance and hospitalization to repair, as far as possible, the injury. As we have said in a number of cases, and particularly in the Sorenson case, compensation is payment for the lost time of the injured workman. The award must be on the basis of monthly payments, and the rules for determining what these payments shall be are very specifically set forth in the act. It is only after an award of this nature is made under section 1438, Revised Code of 1928, as amended by Laws 1929, chapter 28, section 6, that the commission may, by virtue of the provisions of section 1443, Revised Code of 1928, commute the monthly compensation into a lump sum payment, under the usual rules for ascertaining its present value. This compensation is very carefully protected by the law, so that its benefits shall be at the sole disposal of the injured workman. Section 1442, Revised Code of 1928 reads, so far as material, as follows:

"*Compensation not assignable; exempt from levy; payment to non-residents.* Compensation, whether determined or not, shall not, prior to the delivery of the warrant therefor, be assignable; it shall be exempt from attachment, garnishment and execution, and shall not pass to another person by operation of law; . . . "

■ And we have held not only in the Sorenson case but also in the case of *Vukovich* v. *Ossic,* 50 Ariz. 194, 70 Pac. (2d) 324, that it cannot be taken away from him by any process of law, and following this principle and the express language of section 1442, *supra,* that after his death it cannot pass by operation of law to any other person. It will be noted, however, that section 1442, *supra,* on which this rule is based, applies only to "compensation," and nowhere therein is the cost of medical attendance or hospitalization mentioned. This last benefit is governed by the provisions of section 1428, Revised Code of 1928 which reads, as amended by chapter 28, Regular Session Laws of 1939, in part, as follows:

"*Accident Benefits.* (a) Every injured employee shall receive promptly such medical, surgical and hospital or other treatment, nursing, medicine, surgical supplies, crutches and apparatus, including artificial members, as may be reasonably required at the time of the injury, and during the period of temporary disability, as provided in section 1438. Such benefits shall be termed 'accident benefits.' "

The act then provides for the collection of a special accident fund, to be kept separate from the compensation fund, for the purpose of meeting the expenses of this medical attendance; permits the direct furnishing by certain employers, under the supervision of the commission, of medical attendance and hospitalization in lieu of contribution to the accident fund, and declares the employer who fails to adopt one of these two methods of furnishing medical attendance and hospitalization shall be liable for the cost thereof.

■■ We are of the opinion that the legislature intended to differentiate between compensation which, as we have held, is in lieu of lost wages and belongs solely to the injured employee, with no right of survival to his legal representative after his death, and

medical attendance and hospitalization. The statute does not limit in any manner the right of any payments due under this benefit to pass to the personal representative of the injured workman, should he die before the matter has been finally adjusted, and we think a reasonable interpretation of the law is that when the workman has depleted his own estate either by incurring a debt or by paying in advance for medical attendance and hospitalization, which it is the duty of the employer to furnish, an administrator has a right to recover for the benefit of the estate any award made by the commission for this purpose.

The award in the present case clearly sets forth that a certain portion thereof was made to reimburse the injured workman for sums which he had advanced in this manner. The order denying a substitution of the special administrator is, therefore, set aside, and the substitution is allowed. We, therefore, consider the case on its merits so far only as that portion of the award is concerned, for under the Sorenson case, *supra,* in no circumstances could the special administrator recover that portion of the award which was compensation in the strict sense of the term.

There are a number of objections made by the employer to the right of petitioner to any medical attendance whatever, and we consider these in their order. The first is that the evidence does not show the relationship of employer and employee existed, but that petitioner was rather an independent contractor, and the second is that it fails to support the finding that petitioner was injured from an accident arising out of and in the course of his employment. We have examined the reporter's transcript carefully on this point. No good would be served by reciting the evidence. It is sufficient for us to say that we are of the opinion that it does support the finding, both as to the relationship and as to the accident which occurred.

■ Objection is made that petitioner did not report the accident in the time required by law, and that, therefore, the commission had no jurisdiction to grant compensation. We have held in the case of *Maryland Casualty Co.* v. *Industrial Com.*, 33 Ariz. 490, 266 Pac. 11, that an accident must be reported "forthwith," but that if the commission is of the opinion that the failure to report is excusable, it may nevertheless grant compensation. The commission found, in effect though not specifically, that such failure was excusable, and we think the entire record is such that we cannot say, as a matter of law, it was not justified in that conclusion.

The next question raised is that there is not sufficient evidence in regard to the average monthly wage of petitioner to sustain an award of the amount of compensation given. Since we have held that the special administrator may not recover the compensation, we need not consider this question.

■ The final question for our consideration is whether the evidence shows that the commission was justified in allowing the high amount awarded for hospitalization and medical attendance. It is not seriously questioned that petitioner's physical condition was such that he required the hospitalization and medical attendance given, or that the charges were not exorbitant, but it is contended that this condition was not due to a result of the accident for which he was given compensation, but to a preexisting condition in no way connected with the accident. The medical testimony on this point is in conflict, and we cannot say, as a matter of law, that the commission could not reasonably have concluded therefrom that the necessity for the medical treatment was caused by an accident which aggravated the condition of a previously existing disease. We have held in a number of cases that where an accident aggravates a previously existing disease,

the injured person is entitled to compensation for such aggravation. *Tucson Rapid Transit Co.* v. *Rubaiz,* 21 Ariz. 221, 187 Pac. 568; *Maxwell* v. *Hart,* 45 Ariz. 198, 41 Pac. (2d) 1089.

The award is affirmed so far as it covers amounts expended by petitioner for medical attendance and hospitalization, and is set aside so far as compensation is concerned.

ROSS, C. J., and McALISTER, J., concur.