233 P.2d 1082

PRESSLEY v. INDUSTRIAL COMMISSION et al.

No. 5431.

Supreme Court of Arizona.

July 13, 1951.

Rehearing Granted Oct. 9, 1951.

See 236 P.2d 1011.

H. S. McCluskey, of Phoenix, for respondents Industrial Commission; Robert E. Yount and Donald J. Morgan, of Phoenix, of counsel.

Richey & Herring, of Tucson and Douglas, by Norman Herring, of Douglas, amicus curiae.

DE CONCINI, Justice.

Petitioner, Frank M. Pressley, on March 9, 1950, was in the employ of Pioneer Constructors, a firm engaged in construction of a sewer line in Tucson, Arizona. At about one o'clock, p. m. that day he was seriously injured by a gas explosion in a manhole where he was working. He was taken to a hospital, where he remained until April 15th, and was finally discharged by his physician on June 9th. The initial report of accident required by law was filed with the Industrial Commission on March 13th, together with the report of the attending physician. On March 22nd a workman's claim for compensation was filed with the commission, signed "Frank Pressley, by E. L. Kettenback, M. D." Both the doctor and Pressley testified that the latter never requested Dr. Kettenback to sign the application or to file the same.

On March 29th the commission entered findings that petitioner suffered an injury by an accident arising out of and in the course of his employment, and ordered that Pressley was entitled to compensation under the Act, and accepted responsibility for

Hall, Catlin & Molloy, of Tucson, for petitioner.

the medical benefits and compensation provided thereby. On the same day, the commission wrote Pressley that his claim for compensation was not properly signed and enclosed application forms partially filled in by the commission. Pressley signed these forms on March 31st and returned them, but did not fill in any of the remaining blanks, among which were questions inquiring if any third party was liable for the accident. They were filed with the commission and thereafter it paid, for medical benefits, the sum of $859. On April 5th the commission sent petitioner a check for compensation which was returned by him on about April 28th. On May 1st the petitioner executed, on a form provided by the commission, an election of remedies as follows:

"2. Elects to proceed under the provisions of Section 56–949, Arizona Code 1939, as amended and supplemented, against said third party and to herewith file claim against said defendant employer and defendant insurance carrier only to the deficiency, if any, between the amount actually collected from said third party and the compensation provided or estimated under Articles 9 and 12, Chapter 56, Arizona Code 1939, as amended and supplemented; and also agrees not to compromise any action or cause of action for personal injuries, except with the approval of the Industrial Commission of Arizona, as provided by said laws."

\*      \*      \*      \*      \*      \*

"The said claimant, in making said election of remedies, under 2 or 3, consents and agrees to all of the provisions of the Arizona Workmen's Compensation Law and the Arizona Occupational Disease Disability Law in the matter of accident benefits, and compensation; and agrees to follow any competent and reasonable surgical treatment, or medical aid, found to be necessary by The Industrial Commission of Arizona for the relief, cure, or improvement of the condition of said claimant."
and on May 6th filed a petition containing, among other things, the following:

"3. That your petitioner did on March 31st, 1950 sign a 'Workmen's Claim for Compensation for Injuries or Occupational Disease' and a 'Workman's Supplemental Claim for Compensation' which instruments were duly filed with the Commission and are hereby referred to for all purposes.

"4. That at the time your petitioner signed the foregoing instruments he was in complete ignorance of his right to bring a civil action against the said Tucson Gas, Electric Light & Power Company for the aforesaid injuries and was completely ignorant of the fact that his signing and filing the aforementioned claims would mitigate against any rights which he might have as a result of being so injured, that at the time the aforesaid claims were executed by him he was in a hospital critically ill and suffering grievous pain and suffering; that at the time said claims were executed and at all times prior thereto he was

without any legal advice whatsoever; and that in filing the aforesaid claims he had no intention of waiving any rights which he might have against the Tucson Gas, Electric Light & Power Company arising as a result of said injuries or for any other reasons."

and asked that his medical benefits be continued but that his claim for compensation be held in abeyance pending final decision of his suit against the Tucson Gas, Electric Light & Power Company under section 56-949, supra. On June 12th the commission made an award retaining jurisdiction of the case and in effect denied petitioner the right to sue said third party.

A petition for rehearing was duly filed and on September 5th the commission affirmed the previous award. Application was made for a writ of certiorari to the supreme court and the writ was granted. The matter is now before the court on the answer to the writ.

The situation presented is somewhat peculiar. Petitioner claims the commission is primarily liable only for *accident benefits* but secondarily liable for compensation benefits under section 56–949, supra, and then only to the extent he fails to recover from a third party as much as he would be entitled to recover from the commission under the Act; while the commission insists that it is primarily liable for both accident benefits and compensation to the full extent of the Act.

■■ The questions involved require a construction of various sections of the compensation Act and of the constitution of Arizona. In construing them there are certain principles which we must always keep before us: They must be considered as a whole so as to effectuate the purpose of the legislature and of the people as set forth in the constitution and the Act, and, so far as statutes are concerned, are to be construed liberally and remedially. Ocean Accident & Guarantee Corp. v. Industrial Commission, 32 Ariz. 265, 257 P. 641. The purpose of the compensation Act and of article 18, section 8, of the constitution, as amended, was to dispense, so far as possible, with litigation between employer and employee and to place upon industry the burden of compensation for injuries caused by the employment. Sims v. Moeur, 41 Ariz. 486, 19 P.2d 679.

In passing upon the assignments of error, we think it best to dispose of them according to the legal questions raised thereby rather than the formal assignments as presented in the briefs.

■ The first question is whether petitioner is entitled to accident benefits even though he elects to sue a third party whom he claims is responsible for the accident.

Section 56–930, A.C.A.1939, provides:

*"Construction of terms. * * *"

" 'Compensation' shall mean the compensation and benefits provided herein; * *."

At first blush this section would appear to indicate that the term "compensation" was intended to include the term accident "benefits" and that the latter are a component of the former. An examination of the Act in its entirety renders this interpretation of section 56–930, supra, incongruous with its subsequent provisions. Section 56–938 (a), A.C.A.1939, details the various benefits to which every injured employee is entitled, such as surgical and hospital treatment, and nursing and medical supplies, and terms them "accident benefits." Subsection (b) sets up a separate accident benefit fund and provides that the compensation fund shall not be liable for such benefits. Sections 56–940, 941, and 942, A.C.A. 1939, further provide for the operation and administration of the accident benefit fund. From these sections, as from the entire Act, it can be seen that the legislature, notwithstanding section 56–930, supra, intended to treat "compensation" and "accident benefits" as two separate and distinct entities, independent of one another. That the legislature so intended to differentiate between compensation and accident benefits was established by this court in the case of Paramount Pictures v. Ind. Comm., 56 Ariz. 217, 106 P.2d 1024. After a careful study of all of the various sections of the Act, particularly sections 56–920, 931, 932, 936, 938, 940, and 942, we hold that an employee who elects to sue a third party under section 56–949, supra, is nevertheless entitled to receive "accident benefits" from the commission. This is so because section 56–938, supra, in particular provides that *every* injured employee shall receive "accident benefits." No distinction is made between employees who elect to pursue their remedy against a third party under section 56–949, A.C.A.1939, and those who elect to receive compensation. The only logical assumption, then, is that the legislature intended that all injured employees should receive accident benefits including those who elect to pursue a third party. Therefore section 56–950, supra, which provides that an employee who makes an application for an award waives his right to pursue a third party, by necessity refers to an application for an award for compensation and not to an application for an award for accident benefits. Under section 56–938, supra, an application for an award for accident benefits is not a waiver of the employee's right to pursue his remedy against a third party.

■ The second question is the one raised by amicus curiae, that an injured employee retains both the right of full recovery under the Act and also the common law action of negligence under article 18, section 6, of the constitution, and that sections 56–949 and 950, supra, are therefore unconstitutional. This court discussed the constitutionality of section 56–949, supra, in Alabam's Freight Co. v. Hunt, 29 Ariz. 419, 242 P. 658, and Moseley v. Lily Ice Cream Co., 38 Ariz. 417, 300 P. 958, and we see no reason for departing from the rule as laid down in those cases to the ef-

fect that there can be but one recovery of accident benefits and compensation for an injury, as provided by the Act, but that the injured party must be given a *reasonable election* of the different remedies provided by the constitution and the statutes.

To sum up, the total of petitioner's recovery, if he falls under the Act at all, cannot be *less* than the "accident benefits" and the compensation fixed by the Act, and if he sues the third party, *may* be more. The award of the commission should have provided for payment of medical expenses in the same manner as under the ordinary case. So far as the claim of petitioner to delay the fixing of the amount of compensation to be paid by the commission is concerned, we think that in view of the provision of the Act that a claim must be filed within a year from date of injury, and considering that it usually takes one year or more to prosecute a claim for negligence through our courts, it was very proper even though not necessary for petitioner to present his request for delayed action on this point; and that this was not an application for an award of the character referred to in section 56–950, supra, as barring the right to sue the third party.

It was and is the duty of the commission to continue the payment of medical benefits as needed. In view of this fact, the contention of the commission that plaintiff was estopped from changing his election because the interest of parties such as doctors, nurses, hospitals, etc. would be affected by the change, is without support in the law.

We next consider the question of whether section 56–950, supra, applies to an election made under section 56–949 and if so, whether 56–950 is constitutional. Petitioner claims it does not apply to an election to sue or not to sue a third party under 56–949, supra, but to an option to sue an employer under article 18, section 6 of the constitution or to accept compensation under the Act. We hold that the right to sue an employer under article 18, section 6, supra, must be exercised before the injury by rejecting the Act at the time of the employment. Article 18, section 8 of the constitution, as it now appears, was adopted by the people after the adoption of article 18, section 6 and therefore, so far as the two may be inconsistent, section 8 prevails over section 6. Section 8, supra, provides that an employee at the time of entering his employment has the option to either come under the Act or to reject the Act and reserves the right to sue his employer under section 6, supra. However if an employee who has not rejected the Act is injured by the negligence of a third person, he may elect the remedy given him by the Act and take compensation or he may sue the third party under section 56–949, supra. We hold that section 56–950, supra, which provides what constitutes an election, applies to the election to pursue a remedy against third parties under section 56–949, supra, and not otherwise.

The question then arises whether or not section 56–950, supra, affords the employee the "reasonable election" of remedies required by our holdings in the Alabam and Moseley cases, supra; for unless it does, the section is clearly unconstitutional. In cases like this an election is a waiver of one right and the acceptance of another in lieu thereof, and we hold that to be binding the election must be with knowledge (1) of the alternative remedies, and (2) that the acceptance of one waives the right to the other. Taylor v. Hubbell, 9 Cir., 188 F.2d 106, construed article 18, section 6 of the Arizona constitution to give an injured employee the right to sue a third party. We consider such employee to have that right by virtue of section 56–949, *supra, under article 18, section 8; however* that case is authority for what constitutes a binding and valid election. See also Graybill v. Corlett, 60 Colo. 551, 154 P. 730; Craig v. Meriwether, 84 Ark. 298, 105 S.W. 585; 28 C.J.S., Election of Remedies, § 24. With this construction, section 56–950, supra, is constitutional. If the applicant does not have this knowledge, whether his ignorance be one of law or fact, he has in fact made no binding election. Gardner v. Gauthier, 101 Vt. 147, 141 A. 682. This desire for a change must of course be raised by the pleadings in the case, Moseley v. Lily Ice Cream Co., supra, and the petitioner must sustain his claim of lack of knowledge by reasonable evidence.

The award of the commission dated June 12th denying petitioner the right to sue the third party, provided: "The Commission having reviewed the record and the law in such cases finds that under the provisions of Section 56–930 and 56–949 and 56–950, Arizona Code Annotated, 1939, as amended, that the above named applicant, *having made application for an award for compensation and having accepted benefits* under the Workmen's Compensation Law, *has waived any right to exercise any option instituting proceedings in any court* and that the Industrial Commission is therefore without jurisdiction to grant the prayer of the claimant and retains jurisdiction under the law." (Emphasis supplied.) The italicized portions show clearly that the commission held as a matter of law that the application for compensation by petitioner dated March 31st amounted to an election which precluded him from suing a third party as provided in section 56–949, supra.

It can be seen, in the light of the foregoing, that in order for petitioner's application for an award to be a binding election upon him, he must have had knowledge of his alternative remedy to pursue the third party. The only evidence that the petitioner was without that requisite knowledge was his own testimony. Since the rule in this jurisdiction is that the trier of fact may completely disregard the testimony of an interested witness, the commission could have disbelieved the petitioner.

It is clear however that the commission did not base its award on this fact but, rather it found as basis for its award, that in making an application for that award petitioner had, as a matter of law, precluded himself from pursuing his remedy against a third party. That conclusion is not justified by the Workmen's Compensation Act, as we interpret it. The award, therefore, cannot stand.

Award set aside.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.