236 P.2d 1011

## PRESSLEY v. INDUSTRIAL COMMISSION et al.

### No. 5431.

Supreme Court of Arizona.
Oct. 29, 1951.

Hall, Catlin & Molloy, of Tucson, for petitioner.

Norman Herring of Richey & Herring, of Douglas and Tucson, amicus curiae.

H. S. McCluskey, of Phoenix, for respondent Industrial Commission. Donald J. Morgan and Robert E. Yount, of Phoenix, of counsel.

DE CONCINI, Justice.

Our original opinion in this matter is reported in 72 Ariz. 299, 233 P.2d 1082. A motion for rehearing was granted in this case so that the court could consider whether the "award" of the commission dated June 12, 1950 was in truth and fact an award upon which certiorari could be predicated under section 56-972, A.C.A.1939, which provides for "Appeal to Supreme Court" in Workmen's Compensation cases; and if so, whether the commission had jurisdiction to enter the order it did under the "award" dated June 12, 1950.

For the sake of clarity we deem it advisable to rewrite the opinion in its entirety. The facts are as follows:

Petitioner, Frank E. Pressley, on March 9, 1950, was in the employ of Pioneer Constructors, a firm engaged in construction of a sewer line in Tucson, Arizona. At about one o'clock, p. m. that day he was seriously injured by a gas explosion in a manhole where he was working. He was taken to a hospital, where he remained until April 15th, and was finally discharged by his physician on June 9th. The initial report of accident required by law was filed with the Industrial Commission on March 13th together with the report of the attending physician. On March 22nd a workman's claim for compensation was filed with the commission, signed "Frank Pressley, by E. L. Kettenback, M.D." Both the doctor and Pressley testified that the latter never requested Dr. Kettenback to sign the application or to file the same.

On March 29th the commission entered findings that petitioner suffered an injury by an accident arising out of and in the course of his employment, and ordered that Pressley was entitled to compensation under the Act, and accepted responsibility for the medical benefits and compensation provided thereby. On the same day, the commission wrote Pressley that his claim for compensation was not properly signed and enclosed application forms partially filled in by the commission. Pressley signed these forms on March 31st and returned them, but did not fill in any of the remaining blanks, among which were questions inquiring if any third party was liable for the accident. They were filed with the commission and thereafter it paid, for medical benefits, the sum of $859. On April 5th the commission sent petitioner a check for compensation which was returned by him on about April 28th. On May 1st the petitioner executed, on a form provided by the commission, an election of remedies as follows:

"2. Elects to proceed under the provisions of Section 56-949, Arizona Code 1939, as amended and supplemented, against said third party and to herewith file claim against said defendant employer and defendant insurance carrier only to the deficiency, if any, between the amount actually collected from said third party and the compensation provided or estimated un-

der Articles 9 and 12, Chapter 56, Arizona Code 1939, as amended and supplemented; and also agrees not to compromise any action or cause of action for personal injuries, except with the approval of the Industrial Commission of Arizona, as provided by said laws.

\* \* \* \* \* \*

"The said claimant, in making said election of remedies, under 2 or 3, consents and agrees to all of the provisions of the Arizona Workmen's Compensation Law and the Arizona Occupational Disease Disability Law in the matter of accident benefits, and compensation; and agrees to follow any competent and reasonable surgical treatment, or medical aid, found to be necessary by The Industrial Commission of Arizona for the relief, cure, or improvement of the condition of said claimant."

and on May 6th filed a petition containing, among other things, the following:

"3. That your petitioner did on March 31st, 1950 sign a 'Workmen's Claim for Compensation for Injuries or Occupational Disease' and a 'Workman's Supplemental Claim for Compensation' which instruments were duly filed with the Commission and are hereby referred to for all purposes.

"4. That at the time your petitioner signed the foregoing instruments he was in complete ignorance of his right to bring a civil action against the said Tucson Gas, Electric Light & Power Company for the aforesaid injuries and was completely ig-

norant of the fact that his signing and filing the aforementioned claims would mitigate against any rights which he might have as a result of being so injured, that at the time the aforesaid claims were executed by him he was in a hospital critically ill and suffering grievous pain and suffering; that at the time said claims were executed and at all times prior thereto he was without any legal advice whatsoever; and that in filing the aforesaid claims he had no intention of waiving any rights which he might have against the Tucson Gas, Electric Light & Power Company arising as a result of said injuries or for any other reasons."

and asked that his medical benefits be continued but that his claim for compensation be held in abeyance pending final decision of his suit against the Tucson Gas, Electric Light & Power Company under section 56–949, supra. On June 12th the commission made an award retaining jurisdiction of the case and in effect denied petitioner the right to sue said third party, who was not in the same employ with petitioner, and is hereinafter referred to as "third party".

A petition for rehearing was duly filed and on September 5th the commission affirmed the previous award. Application was made for a writ of certiorari to the supreme court and the writ was granted. The matter is now before the court on the answer to the writ, and on rehearing.

The situation presented is somewhat peculiar. Petitioner claims the commission

is primarily liable only for *accident benefits* but secondarily liable for compensation benefits under section 56–949, supra, and then only to the extent he fails to recover from a third party as much as he would be entitled to recover from the commission under the Act; while the commission insists that it is primarily liable for both accident benefits and compensation to the full extent of the Act.

Before discussing the questions raised on this rehearing we will reiterate our holding in the original opinion on the questions raised there insofar as applicable to the final disposition of this case.

■ The questions involved require a construction of various sections of the compensation Act and of the constitution of Arizona. In construing them there are certain principles which we must always keep before us: They must be considered as a whole so as to effectuate the purpose of the legislature and of the people as set forth in the constitution and the Act, and, so far as statutes are concerned, are to be construed liberally and remedially. Ocean Accident & Guarantee Corp. v. Industrial Commission, 32 Ariz. 265, 257 P. 641. The purpose of the compensation Act and of article 18, section 8, of the constitution, as amended, was to dispense, so far as possible, with litigation between employer and employee and to place upon industry the burden of compensation for injuries caused by the employment. Sims v. Moeur, 41 Ariz. 486, 19 P.2d 679.

In passing upon the assignments of error, we think it best to dispose of them according to the legal questions raised thereby rather than the formal assignments as presented in the briefs.

The first question is whether petitioner is entitled to accident benefits even though he elects to sue a third party whom he claims is responsible for the accident.

■ Section 56–930, A.C.A.1939, provides: "Construction of terms. * * * 'Compensation' shall mean the compensation and benefits provided herein; * *." At first blush this section would appear to indicate that the term "compensation" was intended to include the term accident "benefits" and that the latter are a component of the former. An examination of the Act in its entirety renders this interpretation of section 56–930, supra, incongruous with its subsequent provisions. Section 56–938 (a), A.C.A.1939, details the various benefits to which every injured employee is entitled, such as surgical and hospital treatment, and nursing and medical supplies, and terms them "accident benefits". Subsection (b) sets up a separate accident benefit fund and provides that the compensation fund shall not be liable for such benefits. Sections 56–940, 941, and 942, A.C.A. 1939, further provide for the operation and administration of the accident benefit fund. From these sections, as from the entire Act, it can be seen that the legislature, notwithstanding section 56–930, supra, intended to treat "compensation" and

"accident benefits" as two separate and distinct entities, independent of each other. That the legislature so intended to differentiate between compensation and accident benefits was established by this court in the case of Paramount Pictures v. Ind. Comm., 56 Ariz. 217, 106 P.2d 1024. After a careful study of all of the various sections of the Act, particularly sections 56–920, 931, 932, 936, 938, 940, and 942, we hold that an employee covered by the Act who elects to sue a third party under section 56–949, supra, is nevertheless entitled to receive "accident benefits" from the commission. This is so because section 56–938, supra, in particular provides that *every* injured employee shall receive "accident benefits". No distinction is made between employees who elect to pursue their remedy against a third party under section 56–949, A.C.A. 1939, and those who elect to receive compensation. The only logical assumption, then, is that the legislature intended that all injured employees should receive accident benefits including those who elect to sue a third party. Therefore section 56–950, supra, which provides that an employee who makes an application for an award waives his right to sue a third party, of necessity refers to an application for an award for compensation and not to an application for an award for accident benefits. Under section 56–938, supra, an application for an award for accident benefits is not a waiver of the employee's right to pursue his remedy against a third party.

The second question is the one raised by amicus curiæ, that an injured employee retains both the right of full recovery under the Act and also the common law action of negligence under article 18, section 6, of the constitution, and that sections 56–949 and 950, supra, are therefore unconstitutional. This court discussed the constitutionality of section 56–949, supra, in Alabam's Freight Co. v. Hunt, 29 Ariz. 419, 242 P. 658, and Moseley v. Lily Ice Cream Co., 38 Ariz. 417, 300 P. 958, and we see no reason for departing from the rule as laid down in those cases to the effect that there can be but one recovery for each of accident benefits and compensation for an injury, as provided by the Act, but that the injured party must be given a *reasonable election* of the different remedies provided by the constitution and the statutes.

To sum up, the total of petitioner's recovery, if he falls under the Act at all, cannot be *less* than the "accident benefits" and the compensation fixed by the Act, and if he sues the third party, *may* be more. The award of the commission should have provided for payment of accident benefits in the same manner as under the ordinary case. So far as the claim of petitioner to delay the fixing of the amount of compensation to be paid by the commission is concerned, we think that in view of the provision of the Act that a claim must be filed within a year from date of injury, and considering that it usually takes one year or more to prosecute a claim for negligence

through our courts, it was very proper for petitioner to present his request for delayed action on this point; and that this was not an application for an award of the character referred to in section 56–950, supra, as barring the right to sue the third party.

■ It was and is the duty of the commission to continue the payment of medical benefits as needed. In view of this fact, the contention of the commission that plaintiff was estopped from changing his election because the interest of parties such as doctors, nurses, hospitals, etc. would be affected by the change, is without support in the law.

■ We next consider the question of whether section 56–950, supra, applies to an election made under section 56–949 and if so, whether 56–950 is constitutional. Petitioner claims it does not apply to an election to sue or not to sue a third party under 56–949, supra, but to an option to sue an employer under article 18, section 6 of the constitution or to accept compensation under the Act. We hold that the right to sue an employer under article 18, section 6, supra, must be exercised before the injury by rejecting the Act at the time of the employment. Article 18, section 8 of the constitution, as it now appears, was adopted by the people after the adoption of article 18, section 6 and therefore, so far as the two may be inconsistent, section 8 prevails over section 6. Section 8, supra, provides that an employee at the time of entering his employment has the option to either come under the Act or to reject the Act and reserves the right to sue his employer under section 6, supra. However if an employee who has not rejected the Act is injured by the negligence of a third person, he may elect the remedy given him by the Act and take compensation or he may sue the third party under section 56–949, supra. We hold that section 56–950, supra, which provides what constitutes an election, applies to the election to pursue a remedy against third parties under section 56–949, supra, and not otherwise.

■ Now as to the questions raised in the motion for rehearing; first we are of the opinion that the "award" dated June 12, 1950 was such an "award" which could be reviewed in this court under section 56–972, supra, because it dealt with the amount of "benefits" due petitioner Pressley.

Section 56–930, A.C.A.1939, defines award as follows: " 'Award' shall mean the finding or decision of the commission of the amount of compensation or benefit due an injured or the dependents of a deceased employee."

See Murphy v. Industrial Commission, 52 Ariz. 343, 80 P.2d 960; O'Neill v. Martori, 69 Ariz. 270, 212 P.2d 994.

The commission's award of June 12, 1950 was provoked by petitioner's prayer to the commission as follows:

"Wherefore, your petitioner prays:

"1. That the Commission enter an order amending its Findings and Order of March

29, 1950 as same pertains to compensation awarded to petitioner and that the award of compensation be held in abeyance pending proceedings against the Tucson Gas, Electric Light & Power Company.

"2. That the award of accident benefits as contained in said Findings and Order of March 29th, 1950 be determined to be unaffected by the filing of the aforesaid Election of Remedy by your petitioner, and that the accident benefits be paid as same accrue under the Workman's Compensation law."

After a hearing the following award was entered: "The Commission having reviewed the record and the law in such cases finds that under the provisions of Section 56–930 and 56–949 and 56–950, Arizona Code Annotated, 1939, as amended, that the above named applicant, having made application for an award for compensation and having accepted benefits under the Workmen's Compensation Law, has waived any right to exercise any option instituting proceedings in any court and that the Industrial Commission is therefore without jurisdiction to grant the prayer of the claimant and retains jurisdiction under the law."

While it is true that the "award" contains elements of both an "order" and an "award", we will treat the matter as an "award". All parties agree that it is an award subject to review by this court. Since the matters are so entwined and have been fully briefed and submitted, we shall dispose of it herewith.

The second question to be answered on this rehearing and the sole remaining question in the case, is whether the commission had jurisdiction to determine Pressley's right to sue a third party.

It has been settled in this state that the commission derives its powers from statute and therefore has no powers except those expressly conferred or necessarily implied in the law. Sims v. Moeur, supra.

The commission has "the right to determine questions of fact and to apply the existing law thereto in the cases in which it may make awards." Red Rover Copper Co. v. Industrial Commission, 58 Ariz. 203, 118 P.2d 1102, 1106, 137 A.L.R. 740. By the same token the commission does not have the power to decide questions of law that are unnecessary to determine the matters before it, or to be entering as here, what is in effect a declaratory judgment.

Article 18, section 8, Arizona Constitution and chapter 56, A.C.A.1939 from whence the commission derives its powers limits the commission to act within its employer-employee relationship only and it cannot go beyond that, except as specifically provided, for example, in 56–949, supra, where an employee's right of action against a third party may be assigned to the commission for the benefit of the Compensation Fund.

Article 6, section 6, Arizona Constitution and the Arizona Code Annotated

1939 provide for the general jurisdiction of the superior courts of the state, and the rights of the parties should be adjudicated there. It needs no authority to sustain the statement that the commission could not decide that petitioner was entitled to sue a third party and thereby bind the third party and preclude his defense to such an action in the superior court.

Therefore the commission's "award" of June 12, 1950, in denying petitioner the right to sue a third party was beyond its jurisdiction and is hereby set aside as void and of no effect; and its "award" of June 12, 1950, which in effect affirmed its action of March 29, 1950, granting petitioner accident benefits is hereby affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.