424

250 P.2d 1000

## HUBBELL v. INDUSTRIAL COM- MISSION.

### No. 5628.

Supreme Court of Arizona.

Nov. 24, 1952.

Udall & Udall, of Tucson, for petitioner.

H. S. McCluskey, of Phoenix, Robert Pickrell and Robert Yount, Phoenix, of counsel, for respondent.

DE CONCINI, Justice.

Petitioner Hubbell was injured while in the employ of the Tucson Gas, Electric Light & Power Company on June 17, 1949. He filed a claim with the Industrial Commission and received $621.85 as compensation and $1037.34 was paid out to others for "accident benefits" for petitioner. On October 27, 1949 petitioner filed his election of remedy to sue a third party, and take any deficiency he might suffer from the commission. On the same date he filed suit against the negligent third party, Sanderson & Porter, a partnership.

The case was tried in the United States District Court in Tucson, Arizona. All parties stipulated the commission might intervene. Counsel for petitioner and the commission stipulated that the commission would have a lien on any judgment the petitioner would recover, in the amount of $1659.19, being the total amount of compensation and accident benefits it had paid out. Petitioner was awarded a judgment against the third party, which was subsequently affirmed by the United States Court of Appeals—see Taylor v. Hubbell, 9 Cir.,

188 F.2d 106. Certiorari denied 342 U.S. 818, 72 S.Ct. 32. Petitioner collected his judgment and reimbursed the commission in accordance with the stipulation above mentioned.

On December 13, 1951, petitioner filed with the commission a claim that he be repaid the sum of $1037.24, the amount expended for accident benefits and also an additional sum for subsequent accident and medical benefits. The commission denied the claim and the matter is here on review.

Petitioner relies on the case of Pressley v. Industrial Commission, 73 Ariz. 22, 236 P.2d 1011. The commission denies that that case is authority for the proposition that the petitioner is entitled to "accident benefits" from the commission and also damages from the third party.

The only problem presented here is the question of the commission's right of subrogation. There was pending in this court at the time the instant case was filed another aspect of the Pressley case, supra, entitled State ex rel. Industrial Commission of Arizona v. Pressley, 74 Ariz. 412, 250 P. 2d 992. Our opinion in that case, dated 24 November, 1952, settles all the issues in this case adversely to the petitioner.

The award of the Industrial Commission herein is affirmed.

PHELPS, LA PRADE, and STANFORD, JJ., concur.

UDALL, C. J., concurs in the result.