635 P.2d 517

**Shirley SNEED and Don Sneed, her husband, Plaintiffs-Appellants,**

**v.**

**Richard BELT and Bonnie Belt, his wife; The Nite Life Club, Inc., an Arizona Corporation, Defendants-Appellees.**

**1 CA–CIV 4952.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 8, 1981.

Rehearing Denied Oct. 9, 1981.

Wentworth & Lundin by Timothy H. Barnes, Phoenix, and Udall, Shumway, Blackhurst, Allen, Bentley & Lyons, P. C. by Roger C. Decker, Mesa, for plaintiffs-appellants.

Robert K. Park, Chief Counsel, State Compensation Fund by John R. Greer, Phoenix, for defendants-appellees.

## OPINION

HAIRE, Presiding Judge.

The question presented on appeal is whether, by accepting medical benefits paid pursuant to the workmen's compensation act, an injured employee has waived her right to bring a tort action against her employer who had allegedly failed to post a statutorily required notice of the employee's right to reject the provisions of the workmen's compensation act.[1]

---

1. A.R.S. § 23–906, pertinent to much of the discussion in this opinion, provides:

"§ 23–906. Liability under chapter or under common law of employer securing compensation; carriers; service representatives; right of employee to make election; procedure for making election

A. Employers who comply with the provisions of § 23–961 as to securing compensation, and the employers' workmen's compensation insurance carriers or administrative service representatives, shall not be liable for damages at common law or by statute, except as provided in this section, for injury or

The employee has appealed from the entry of summary judgment in favor of her employer. Therefore we state the facts in a light most favorable to her.[2] She was employed as a cocktail waitress by appellee, Nite Life Club, Inc., which was owned and operated by appellees, Richard and Bonnie Belt. The appellees are sometimes collectively referred to in this opinion as "employer". On April 28, 1977, Shirley Sneed's face, neck, right arm and hand were seriously burned in an explosion which occurred when a bartender poured 151 proof rum into an already flaming "Zombie".[3] Immediately after the accident, Shirley Sneed was admitted to a hospital where she received treatment for two weeks. After her discharge, she continued to receive treatment for the burns, including prescriptions, office visits with her physicians, and plastic surgery. The State Compensation Fund (the employer's workmen's compensation insurance carrier) paid more than $3,000 in benefits to cover these medical, surgical and accompanying prescription expenses. The payments commenced in May 1977 and continued through February 1978. During this time Shirley Sneed was aware that the benefits were being provided pursuant to the workmen's compensation act, but she did not reject these benefits.

On August 23, 1977, Shirley Sneed and her husband, Don Sneed, commenced a civil action against appellees and Shirley Sneed's co-worker, the bartender. Subsequently, the superior court entered partial summary judgment in favor of appellees finding "that the plaintiff, Shirley Sneed, accepted workmen's compensation benefits after the accident occurred, thereby waiving any right to sue her employer." The judgment did not dispose of the complaint against the

death of an employee wherever occurring, but it shall be optional with employees to accept compensation as provided by this chapter or to reject the provisions of this chapter and retain the right to sue the employer as provided by law.

B. The employee's election to reject the provisions of this chapter shall be made by a notice in writing, signed and dated by him and given to his employer, in duplicate in substantially the following form:

'To (name of employer):

You are hereby notified that the undersigned elects to reject the terms, conditions and provisions of the law for the payment of compensation, as provided by the compulsory compensation law of the state of Arizona, and acts amendatory thereto.'

C. The notice shall be filed with the employer prior to injuries sustained by the employee, and within five days the employer shall file with his insurance carrier the notice so served by the employee. All employees shall be conclusively presumed to have elected to take compensation in accordance with the terms, conditions and provisions of this chapter unless the notice in writing has been served by the employee upon his employer prior to injury.

D. Every employer engaged in the occupations designated in this chapter shall post and keep posted in a conspicuous place upon his premises, in all languages spoken by his employees and available for inspection by all workmen, a notice in substantially the following form:

'All employees are hereby notified that in the event they do not specifically reject the provisions of the compulsory compensation law they are deemed by the laws of Arizona to have accepted the provisions of such law, and to have elected to accept compensation under the terms of such law, and that under the terms thereof employees have the right to reject the same by written notice thereof prior to any injury sustained, and that blanks and forms for such notice are available to all employees at the office of this company.'

E. If an employer fails to post and keep posted the notice as required by this section, or fails to keep available at the place where the employees are hired the blank forms of notice to be signed by the employee, no employee who thereafter engages in employment for such employer, during the time that the notices are not posted or during the time that the blanks are not available, shall be deemed to have accepted the provisions of this chapter, and it shall be optional for such employee, if injured during the period when blanks were not available or the notice was not posted, to accept compensation under the provisions of this chapter or maintain other action against the employer."

2. Don Sneed, the husband of the injured employee, is also an appellant in this action. Both parties have treated his interest as being identical to that of Shirley Sneed. The term "appellant" will be used hereinafter to refer to either Shirley Sneed or Shirley and Don Sneed.

3. A "Zombie" is an alcoholic beverage consisting primarily of rum and fruit juice, into which lime wedges soaked with 151 proof rum are placed and ignited, making it a "flaming drink".

co-worker. Therefore, he is not a party to this appeal. The trial court made the appropriate findings of finality under Rule 54(b), Rules of Civil Procedure, 16 A.R.S.

Under A.R.S. § 23–906 E, an injured employee may accept compensation under the workmen's compensation law or he may sue his employer at common law if the employer has not posted the notices required under the act. He may not do both. These are mutually exclusive rights. Additionally, A.R.S. § 23–1024, in pertinent part, provides:

"§ 23–1024. Choice of remedy as waiver of alternate remedy

A. An employee, or his legal representative in event death results, who accepts compensation waives the right to exercise any option to institute proceedings in court against his employer . . . ."

In support of the summary judgment entered in the trial court, appellees urge that by accepting medical benefits appellant accepted compensation, thus precluding any subsequent action against her employer. Here the medical benefits were actually voluntarily accepted by appellant over a long period of time in a non-emergency context. Therefore we need not consider whether the "acceptance" of emergency medical benefits provided by an employer constitutes a voluntary acceptance of "compensation" within the meaning of A.R.S. §§ 23–906 E and 23–1024.

█ The answer to this question of whether medical benefits constitute "compensation" under the workmen's compensation act would at first seem obvious. The term "compensation" is defined in A.R.S. § 23–901:

"In this chapter, unless the context otherwise requires:

\*    \*    \*    \*    \*    \*

"4. 'Compensation' means the compensation and benefits provided by this chapter.' "

Since medical benefits are benefits which the employer is required to provide by the workmen's compensation chapter they are by definition compensation within the meaning of A.R.S. §§ 23–906 E and 23–1024 unless the context of those statutes otherwise requires. See Stout v. Industrial Commission, 12 Ariz.App. 211, 469 P.2d 103 (1970). Appellant, however, attempts to minimize the effect of this statutory definition, describing it as "the only legal authority supporting this [appellee's] position."

█ Appellant argues that medical benefits are treated separately and distinctly from "compensation" in several parts of the act. A.R.S. § 23–1062 A defines "medical, surgical and hospital benefits" and provides that "every injured employee" shall receive such benefits promptly, upon notice to the employer and during the period of the employee's disability. An injured employee need not show that he has been disabled from working, or that his earning capacity has been adversely affected to receive medical benefits. See McAllister v. Industrial Commission, 88 Ariz. 25, 352 P.2d 359 (1960); see also Lowman v. Industrial Commission, 54 Ariz. 413, 96 P.2d 405 (1939).

Appellant's argument continues that the term "compensation" is used in the narrow sense of compensation for loss of wages or loss of earning capacity in some statutes. The procedure for filing a "claim for compensation" under A.R.S. § 23–1061 A, appellant contends, does not apply to medical benefits in its requirement that the employee file a written claim within one year after the injury occurred or the right to the claim accrued. Appellant additionally points to the statutes constituting article 8 of the workmen's compensation act which provide for the computation of "compensation" awards. Appellant asserts that these sections of the act use the term "compensation" in its narrow sense. See A.R.S. §§ 23–1041–1047.

These statutes and cases do not limit the definition of the term "compensation" as it is used throughout the entire workmen's compensation act. They simply use the term in a context which makes obvious that a narrow meaning is intended. The definitional section of the workmen's compensation act specifically provides for contextual modification of the meaning of the term

"compensation"; however, most significantly, it requires that the term compensation include medical benefits unless the context otherwise requires. A.R.S. § 23–901(4); *see Stout v. Industrial Commission, supra* (interpreting A.R.S. § 23–1061 H).

The definition of the term "compensation" as used in any particular section of the act has not often been directly addressed by the Arizona appellate courts. In *Paramount Pictures, Inc. v. Industrial Commission*, 56 Ariz. 217, 106 P.2d 1024 (1940), cited by appellants, the court was confronted with the question of whether § 1442, R.C. 1928 (statutory predecessor of A.R.S. § 23–1068) prohibited "accident" (now, medical) benefits from passing to a deceased employee's personal representative for the benefit of the estate. The court had previously determined that the statute provided that "compensation could not so pass." *Sorenson v. Six Companies*, 53 Ariz. 83, 85 P.2d 980 (1939). The court held that the term "compensation", used in that statute, did not encompass "accident" benefits. The court thereby permitted accident benefits to pass to the deceased employee's estate, reasoning that the decedent's estate had been directly depleted by the costs of medical treatment and hospitalization. Thus, in the context of that statute, the

term "compensation" was limited to its narrower sense. We note that R.C. § 1442, R.C. 1928, was modified in 1941, Laws 1941, ch. 30, to eliminate the substantive controversy addressed in *Paramount Pictures, Inc., supra.* See *Parker v. Walgreen Drug Co.*, 63 Ariz. 374, 162 P.2d 427 (1945); A.R.S. § 23–1068. In any event, the question before that court had nothing to do with an employee's right to sue an employer.

Appellant relies heavily on the *Pressley* trilogy for its definition of "accepting compensation." *Pressley v. Industrial Commission*, 72 Ariz. 299, 233 P.2d 1082 (1951) (Pressley I), *aff'd and expanded on rehearing*, 73 Ariz. 22, 236 P.2d 1011 (1951) (*Pressley II*); *Industrial Commission v. Pressley*, 74 Ariz. 412, 250 P.2d 992 (1952) (*Pressley III*).

*Pressley I and II* considered an attempt by the Industrial Commission[4] to deny an injured employee the right to take accident (now, medical) benefits while at the same time electing to pursue his remedy against *a third party* responsible for the injury. The portion of the *Pressley* decisions pertinent to this discussion interpreted A.C.A. § 56–949 (1939)[5] (now, A.R.S. § 23–1023[6] substantially revised). The first sen-

---

**4.** The Commission acted in a dual capacity until 1968 when the State Compensation Fund was separated from the Industrial Commission.

**5.** "56–949. Liability of third person to injured employee. If an employee entitled to compensation hereunder is injured or killed by the negligence or wrong of another not in the same employ, *such injured employee*, or in case of death, his dependents, *shall elect whether to take compensation under this title or to pursue his remedy against such other.* If he elect to take compensation, the cause of action against such other shall be assigned to the state for the benefit of the compensation fund, or to the person liable for the payment thereof, and if he elect to proceed against such other, the compensation fund or person, shall contribute only the deficiency between the amount actually collected and the compensation provided or estimated herein for such case. Compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for herein shall be made only with the written approval of the commission, or of the

person liable to pay the same. [Laws 1925, ch. 83, § 66, p. 345; rev., R.C. 1928, § 1435]" § 56–949 A.C.A. 1939.

**6.** A.R.S. § 23–1023, as amended, ch. 126, 1981 Ariz.Legis. Service (West), provides:

"§ 23–1023. Liability of third person to injured employee; election of remedies

A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, may pursue his remedy against such other person.

B. If the employee entitled to compensation under this chapter, or his dependents, does not pursue his or their remedy against such other person by instituting an action within one year after the cause of action accrues, the claim against such other person shall be deemed assigned to the insurance carrier, or to the person liable for the payment thereof. Such a claim so assigned may be prosecuted or compromised by the insurance carrier or the person liable for the pay-

tence of that statute provided a system whereby an employee would elect whether to "take compensation under this title or to pursue his remedy against [the third party tortfeasor]." The third party was not protected from common law liability. In the event that the employee elected to take compensation under the second sentence of the statute, the cause of action would be assigned to the party who was liable for the compensation. The statute was never designed to protect third parties from common law liability in the same way that employers are protected.[7]

In the context of the statute regarding third party suits, the *Pressley* court determined that an employee could simultaneously elect to sue a third party and take

accident (now, medical) benefits, even though he could not simultaneously elect to sue a third party and take compensation for loss of earning capacity. *Pressley II, supra.* Thus, it interpreted the term "compensation" as used in the first sentence of this statute as not including medical benefits. Interestingly, in *Pressley III, supra,* the same court held that the term "compensation", used in the second sentence of the same statute included medical benefits:

> "We realize, by affirming the second *Pressley* case, we have held that the word 'compensation' in the first sentence of 56–949 did not include 'accident benefits', thereby giving the statute a liberal construction in favor of the injured employee; and now in this case we hold that the word 'compensation' in the second sen-

---

ment thereof, or may be reassigned in its entirety to the employee or his dependents. After the reassignment, the employee entitled to compensation, or his dependents, shall have the same rights to pursue the claim as if it had been filed within the first year.

C. If he proceeds against such other person, compensation and medical, surgical and hospital benefits shall be paid as provided in this chapter and the insurance carrier or other person liable to pay the claim shall have a lien on the amount actually collectable from such other person to the extent of such compensation and medical, surgical and hospital benefits paid. This lien shall not be subject to a collection fee. The amount actually collectable shall be the total recovery less the reasonable and necessary expenses, including attorney's fees, actually expended in securing such recovery. The insurance carrier or person shall contribute only the deficiency between the amount actually collected and the compensation and medical, surgical and hospital benefits provided or estimated by the provisions of this chapter for such case. Compromise of any claim by the employee or his dependents at an amount less than the compensation and medical, surgical and hospital benefits provided for shall be made only with written approval of the compensation fund, or of the person liable to pay the claim."

7. In their brief, appellants state that the *Pressley* court construed A.C.A. § 56–950 (1939), the statutory predecessor of A.R.S. § 23–1024, quoted in text, *supra.* Section 56–950 provided:

"*Election of remedy—Waiver.*—Every employee, or his legal representative in case death results, who makes application for an award, or with the consent of the commis-

sion accepts compensation from an employer, waives any right to exercise any option to institute proceedings in any court."

First, this statute has been substantially revised. A.R.S. § 23–1024, quoted in text above, no longer provides for any waiver of the right to exercise any option to institute proceedings based upon an employee's "making application for an award". Also, it no longer provides for any waiver of the right to sue a third party tortfeasor. *See also* A.R.S. § 23–1023, discussed in text, *infra,* which no longer provides for an election between suing a third party and accepting compensation. *See Henshaw v. Mays,* 20 Ariz.App. 300, 512 P.2d 604 (1973). (Discusses historical changes in statutes. Unrelated to this discussion, holding disapproved, *Ross v. Superior Court,* 128 Ariz. 301, 625 P.2d 890 (1981)).

Moreover, although we agree that *Pressley III* construed A.C.A. § 56–950 (1939), the question considered pertinent to that section was whether it afforded the "reasonable election" constitutionally required to constitute a waiver of an employee's right to sue a third party tortfeasor. This "reasonable election" is not statutorily or constitutionally required for an employee to waive his or her right to sue an employer. *Ream v. Wendt,* 2 Ariz.App. 497, 410 P.2d 119 (1966); *Southwest Cooperative Wholesale v. Superior Court,* 13 Ariz.App. 453, 477 P.2d 572 (1970). The definition of "compensation" as excluding medical benefits, for which appellants cite *Pressley II,* was given in the direct context of construing A.C.A. § 56–949 (1939), the statutory predecessor of A.R.S. § 23–1023, not A.C.A. § 56–950, the predecessor of A.R.S. § 23–1024. *See Pressley III,* 74 Ariz. at 420–21, 250 P.2d at 997–98 (quoted in text, *infra* ).

tence does include 'accident benefits', thereby giving it a liberal construction in favor of the commission as against the third party in order to effectuate the subrogation provision. We believe such a construction is entirely in harmony with the letter and spirit of the Act and will promote justice between all parties. We have held innumerable times that the provisions of the Act should be liberally construed to carry out its purpose and intent." 74 Ariz. at 420–21, 250 P.2d at 997–98.

Appellant argues that since *Pressley II* determined that to take medical benefits could not constitute a taking of "compensation" so as to operate as an election precluding the employee's right to sue a third party under A.C.A. § 56–949 (1939), neither could accepting medical benefits constitute an acceptance of "compensation" so as to constitute a waiver of an employee's right to exercise his option to institute proceedings against his employer under A.R.S. § 23–1024. We do not accept this argument. The *Pressley* cases were decided in the context of suits against third party tortfeasors. *See Ream v. Wendt*, 2 Ariz.App. 497, 410 P.2d 119 (1966). In *Pressley II* the court itself implied that its analysis was confined to the context of third party tortfeasors, not employers, when it stated:

"The purpose of the compensation Act and of article 18, section 8, of the constitution, as amended, was to dispense, so far as possible, *with litigation between employer and employee* and to place upon industry the burden of compensation for injuries caused by the employment. *Sims v. Moeur*, 41 Ariz. 486, 19 P.2d 679." (Emphasis added). 73 Ariz. at 28, 236 P.2d at 1015.

The court then stated the issue before it as "whether [the injured employee] is entitled to accident benefits even though he elects to *sue a third party* whom he claims is responsible for the accident." (Emphasis added). 73 Ariz. at 28, 236 P.2d at 1015.

Throughout the analysis, reference was repeatedly made to this being a suit against a third party tortfeasor.

■ The workmen's compensation act was not designed with the intent of protecting the third party's interest. *See Ream v. Wendt, supra.* In *Pressley III,* the court stated:

"The Act was enacted primarily for the benefit of the injured employee and his dependents, . . . and *secondarily for the benefit of the employer.* The Act deals solely with the employer-employee relationship. *No mention is made of third party tort-feasors, except in sections 56–949 . . . and 56–950, supra, which provide the employee's right to sue a third party but confers no rights on such third parties.*" (Emphasis added; citations omitted). 74 Ariz. at 418, 250 P.2d at 996.

We conclude that the *Pressley II* definition of "compensation" must be read in the context of the statute in which that term was being interpreted, i. e., the statutory predecessor of A.R.S. § 23–1023, A.C.A. § 56–949 (1939). That statute regulated the right to pursue a third party tortfeasor. In that context the court determined that the definition of compensation provided by A.R.S. § 23–901(3) [8] (then A.C.A. § 56–930 (1939)) was not applicable.

■ We note that the substantive question considered in the *Pressley* decisions is no longer an issue under the present statute on third party liability.[9] The statute covering third party liability has been significantly revised. *See* A.R.S. § 23–1023. One such revision was the complete elimination of the election provision considered in the *Pressley* cases. *See* Laws 1968, 4th S.S. ch. 6 § 38, eff. Jan. 1, 1969. An injured employee is no longer restricted in his right to sue a third party tortfeasor by virtue of the employee's having accepted compensation. *See* A.R.S. § 23–1023; *see also Southwest Cooperative Wholesale v. Superior Court,* 13 Ariz.App. 453, 477 P.2d 572 (1970).

---

**8.** Compensation was formerly defined in A.R.S. § 23–901(3). It is now defined in A.R.S. § 23–901(4) without change.

**9.** See footnote 7.

We conclude that none of the arguments or cases advanced by appellant control the issue presently before us.

■ We now focus on whether A.R.S. §§ 23–906 and 23–1024 use the term "compensation" in a context that requires a narrower definition than that given by the legislature in A.R.S. § 23–901(4). To permit an injured employee to accept medical benefits under the act and still permit her to sue her employer at common law is not justified on policy grounds.

■ The employer who secures compensation pursuant to the requirements of the workmen's compensation act has a key position in the workmen's compensation scheme which a third party tortfeasor could never enjoy. *See Southwest Cooperative Wholesale v. Superior Court, supra; Ream v. Wendt, supra.* In Art. 18, § 8 of the Arizona Constitution this interest is recognized. The legislature is directed to pass a workmen's compensation law by which employers are required to pay an injured worker "compensation". The worker is given the option to either "settle for such compensation" or "retain the right to sue" the employer. The option may be exercised by merely "failing to reject the provisions of such Workmen's Compensation Law prior to injury."

■ This constitutional framework provided the basis for A.R.S. § 23–906, which as previously discussed, provides that an employer "shall not be liable for damages at common law or by statute, except as provided in this section." It also recognizes that an employee's option, as against an employer who has "secured compensation" is to "accept compensation *as provided by this chapter*" or "to reject *the provisions of this chapter* and retain the right to sue the employer as provided by law." (Emphasis added). Generally the employee is deemed to have "exercised" this option in favor of compensation by merely failing to notify in writing prior to injury. A.R.S. § 23–906 C. However, the statute also provides that if the employer fails to post notice, the employee retains the option "to accept compensation *under the provisions of the chapter*" (emphasis added) or "maintain other action against the employer." A.R.S. § 23–906 E.

■ The term "compensation" is used throughout these two constitutional and statutory provisions. In the Constitution the first use of the term "compensation" is in the mandate that the workmen's compensation law require employers to pay "compensation". Art. 18, § 8 Ariz.Const. 1 A.R.S. Surely this would authorize provision for the expenses of medical care and hospitalization incurred as a direct result of an injury. Referring back to the required payment, the same sentence states the employee's option as being "to settle for such compensation" or to sue the employer. We believe that this use of the term "compensation" refers to any benefits including medical benefits, provided to an injured worker by the act as a remedy for his injury. The provision of such benefits is to replace common law damages and to curtail litigation between employer and employee, *Ream v. Wendt, supra.* A.R.S. § 23–906 uses the term "compensation" in its broad sense including all benefits provided in the workmen's compensation act. We conclude that the same term used in A.R.S. § 23–1024 was intended to include medical benefits.

In the context of the constitutional provision, the language of A.R.S. § 23–906, and the definition provided in A.R.S. § 23–901(4), we are not at liberty to create a hybrid remedy for injured workers, whereby the employer (or his carrier) would be required by the workmen's compensation act to pay medical benefits for which he may not have been liable at common law, without relieving him from the burden and expense of civil litigation.

■ We therefore hold that, by accepting medical benefits, appellant waived her right to maintain an action against appellee. We note that in the present case there is no contention that the medical benefits were not knowingly accepted by the employee. The payment of medical benefits was continued well after her initial emergency hospital admission and she made no

effort to reject or stop them once she became cognizant that they were being paid by the employer's workmen's compensation insurance carrier.

Having upheld the judgment on this basis we need not consider other factual and legal arguments made by appellee in support of the judgment.

The judgment of the trial court is affirmed.

JACOBSON and O'CONNOR, JJ., concur.