[S. F. No. 7435.   In Bank.—June 2, 1915.]

## SAN FRANCISCO STEVEDORING COMPANY (a Corporation), et al., Petitioners, v. A. J. PILLSBURY et al., Composing The Industrial Accident Commission of the State of California, Respondents.

INDUSTRIAL ACCIDENT COMMISSION—REMEDIES OF EMPLOYEE—OPTIONAL RIGHT TO SUE FOR DAMAGES.—Under the Industrial Compensation Act, where the specified conditions of compensation exist, the optional right of an injured employee to either claim compensation under the act or to maintain an action at law for damages, is restricted to cases where the injury was caused by the employer's gross negligence or willful misconduct of a certain specified character. In other cases the right to recover compensation in a proceeding before the commission is the exclusive remedy of the employee.

ID.—ACTION FOR DAMAGES BY EMPLOYEE—JUDGMENT UPON SUSTAINING DEMURRER TO COMPLAINT.—In an action by an employee against his employer to recover damages for personal injures received by him in the course of his employment, a judgment for the defendant, entered upon sustaining a demurrer to the complaint, merely determines that the allegations of the complaint failed to state a case of such character, and therefore the proper tribunal for the adjudication of the claim is the Industrial Accident Commission.

ID.—SUBSEQUENT PROCEEDING BEFORE COMMISSION—ESTOPPEL—JURISDICTION.—Neither the commencement of such action nor the judgment therein estops the employee from afterward pursuing his remedy before the commission, nor deprives the commission of jurisdiction of the proceeding instituted by him.

APPLICATION for a Writ of Certiorari to review the proceedings of The Industrial Accident Commission resulting in an award of compensation.

The facts are stated in the opinion of the court.

Lloyd S. Ackerman, for Petitioners.

C. M. Bradley, for Respondents.

ANGELLOTTI, C. J.—Petitioners seek a writ of *certiorari* to review the proceedings of the Industrial Accident Com-

CLXX Cal.—21

mission resulting in an award by said commission to one Jeremiah Broderick of compensation for personal injuries alleged to have been received by him in the course of his employment by the San Francisco Stevedoring Company.

The only point made in support of the application is that the industrial commission was without jurisdiction by reason of the fact that Broderick prior to instituting his proceeding before the industrial commission, instituted an action for damages on account of the same injuries against the stevedoring company, in the superior court of the city and county of San Francisco. A demurrer to his complaint interposed by the company was sustained by said court, and on his failure to amend, judgment was given against him. At the time of the award by the industrial commission, Broderick had filed a waiver of his right of appeal. It is claimed that by commencing his action in the superior court, Broderick finally elected his remedy and thus deprived the commission of jurisdiction in the matter, and also that the superior court judgment is a final determination of his rights in the matter.

We are satisfied that there is no force in this claim. The industrial compensation act provides substantially that where the specified conditions of compensation exist, the right to recover such compensation in a proceeding before the commission shall be the exclusive remedy of the employee, "except that when the injury was caused by the employer's gross negligence or willful misconduct and such act or failure to act causing such injury was the personal act or failure to act on the part of the employer himself, . . . and such act or failure to act indicated a willful disregard of the life, limb or bodily safety of employees, any such injured employee may, at his option, either claim compensation under this act or maintain an action at law for damages." It will thus be seen that the right of the employee to resort at his option to an action at law for damages is restricted to the class of cases specified in the provision just quoted, viz.: cases where the injury was caused by the employer's gross negligence or willful misconduct of a certain specified character. The judgment of the superior court in Broderick's action simply determines that the allegations of his complaint failed to state a case *of this character,* and therefore that the proper tribunal for the adjudication of his claim is the industrial accident commission. Nothing else can be held to have been

determined against him. He cannot be held to be estopped thereby from pursuing his remedy before the commission, nor can the commission be held to have been without jurisdiction of the proceeding instituted by him.

The application for a writ of *certiorari* is denied.

Lorigan, J., Shaw, J., Henshaw, J., and Lawlor, J., concurred.