[Civil No. 2001.    Filed November 18, 1922.]

[210 Pac. 472.]

## C. B. JONES, Appellant, v. R. MORRISON, Appellee.

1. APPEAL AND ERROR—JUDGMENT NOT REVERSED TO PERMIT RETRACTION OF WAIVER OF RIGHT TO OFFER EVIDENCE.—Where in an action on a note plaintiff defended plea of duress by plea of former adjudication of that issue, and defendant urged that the issues were not the same, but his remarks at the trial indicated that he considered question could be determined by comparing record in former suit with answer, judgment for plaintiff will not be reversed to afford defendant an opportunity to retract what must be construed as a waiver of his right to offer evidence.

2. JUDGMENT—DETERMINATION IN FORMER PROCEEDING PRECLUDED DE-
   FENSE OF USURY.—Judgment in an action to cancel a note for
   lack of consideration and fraud and duress in procuring it pre-
   cluded a defense of usury in an action on the note by the payee,
   where the allegations of the complaint in the former action and
   the instant answer were in substance identical, except as to usury,
   which did not appear on the face of the note.
3. TRIAL—DUTY OF COURT TO INSTRUCT AS TO EFFECT OF DOCUMENTS
   IN EVIDENCE.—It is the duty of the court to construe documents
   or writings in evidence and state to the jury their terms and legal
   effect.
4. JUDGMENT—JUDGMENT ON INSTRUCTED VERDICT FINAL.—Civil Code
   of 1913, paragraph 519, provides that plaintiff may take a non-
   suit, but shall not thereby prejudice the right of an adverse party
   to be heard on his own claim for affirmative relief, and in an
   action to cancel a note where judgment was rendered on an in-
   structed verdict for defendant, plaintiff not having moved for a
   voluntary nonsuit, the judgment entered on the instructed verdict
   was final.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Affirmed.

Mr. E. Wilder and Mr. Carl Davis, for Appellant.

Messrs. Dougherty & Dougherty, for Appellee.

FLANIGAN, J.—This action was brought by appellee to recover upon appellant's promissory note. Appellant answered, admitting the execution of the note and its nonpayment, but for a special defense alleged that the note is "extortionate, unconscionable, usurious and void and was exacted of defendant as a penalty," by reason of the following circumstances: That before the execution of the note plaintiff had made an agreement in writing with L. W. Williams and I. G. Masters by which he agreed to sell and convey to the said Williams and Masters certain real estate for the purchase price of $13,200, payable in installments; that pursuant to the terms of the contract plaintiff placed his deed and abstract of title to

the property in escrow to be delivered upon payment of a certain balance of the purchase price; that thereafter defendant succeeded by assignment to the interest of Williams and Masters in the contract; that on the twentieth day of November, 1918, the principal sum of $7,000 was due under the terms of the contract, and it was agreed between plaintiff and defendant that an extension of ninety days should be given for the payment of said sum; that on the twenty-third day of February, 1919 (three days after said period of ninety days had expired), plaintiff, with the unlawful intent and purpose of placing the defendant under duress and coercing him into the payment of additional money on account of the contract, by deceitful practices obtained the possession of the papers from the escrow holder and immediately thereafter called on defendant and represented to him that he would not deliver the title to said premises unless and until defendant made and delivered to plaintiff defendant's promissory note in the sum of $2,000; that, acting under the threats of plaintiff and being placed in duress thereby defendant paid to plaintiff the remaining sum due on the contract of purchase, to wit, $7,000 and interest, and in addition made and delivered to plaintiff said promissory note, being the instrument sued upon, and that the note was exacted from defendant in excess of all moneys due on account of said contract of sale. To this answer plaintiff replied by plea of *res adjudicata* that the defendant in a former action had sought the cancellation of the note, and had therein alleged as grounds for the relief prayed a lack of consideration for the note and fraud and duress in procuring the same, all in manner and substance as now set forth in the defense interposed by defendant to the present action, and attached to such reply as exhibits a copy of the pleadings and judgment in the former action.

24 Ariz.—24

Upon these pleadings the cause was tried before the court with a jury. Without objection by defendant, plaintiff offered in evidence in his case in chief the note and the record in the former cause, which included the complaint, answer, reply, transcript of reporter's notes, and the judgment rendered upon an instructed verdict that plaintiff take nothing by his action; the judgment reciting, *inter alia:*

"The plaintiff having rested his case, motion was thereupon made by attorneys for defendant for an instructed verdict in favor of the defendant, and it appearing to the court from the evidence introduced that the plaintiff is not entitled to recover judgment in this action, and that the defendant is entitled to a verdict upon the facts and the law in the premises, the jury was instructed by the court to return a verdict in this cause in favor of the defendant."

After the introduction of these documents plaintiff moved that the jury be instructed to return a verdict in his favor. During the course of the argument upon this motion the judge said:

"I would like to ask this—of course there would not be any dispute if the issues in this case were adjudicated by this other suit; why, of course, that is *res adjudicata* as to this suit."

To which counsel for appellant replied:

"We most earnestly contend there are variances in the issues and there are other reasons why the decision in the other case is not controlling in this."

Further on the judge, addressing himself to counsel for appellant, remarked:

"Well, I would not want to get wrong on that particular proposition. You don't rely upon anything else, as I take it, from the pleadings and from your argument here, but this question that this was an usurious transaction; that is, in addition to the things which were litigated in the previous case."

To which counsel for appellant replied.

"I think perhaps that covers in a large measure the additional issues."

While the language of the record is not altogether clear on the subject, it sufficiently appears that the judge thereafter expressed his opinion that by reason of the former judgment the issue as to the usurious nature of the transaction was not open to defendant in the case at bar. Thereupon the plaintiff's motion for an instructed verdict was granted, and judgment was entered upon such verdict in favor of the plaintiff for the sum sued for.

The point most strongly argued for the reversal of the judgment is that the appellant was never given an opportunity to introduce evidence to refute the showing made by plaintiff. Appellant did not question at the trial, nor does he question here, either the rendition of the former judgment or that the record of the proceedings in that case is not correctly shown by the documents in evidence. It is clear from the course of the argument and the remarks of court and counsel that the judge assumed that appellant was relying wholly upon the defenses which might appear upon a comparison of the record in the former case with the answer of the defendant in this, and that appellant considered that a decision of the motion on the evidence adduced was a decision of the case. The specific inquiry of the judge based upon that assumption required a forthright statement by appellant of his position and if he did not choose to abide by the decision to be made on such evidence alone, but wished to offer other evidence to rebut the former judgment, it was in fairness his duty to have made that position unmistakably manifest. We are unable to conjecture what the nature of such evidence could be. Neither in the court below nor in this court has it been intimated that any such evidence exists. Furthermore, the appellant upon the trial did not at any time insist upon his right to introduce such rebutting testimony, nor

did he object to the consideration of the motion on the ground that he was being deprived of his right to present his defense. Ordinarily after an adverse ruling on the motion he would not be required to offer testimony, but his silence and failure to claim the right to do so at any time can only be interpreted in this case as consistent with his relinquishment thereof, or that he thought the exercise of the right would avail him nothing. Under these circumstances, we will not reverse the judgment for the purpose of affording appellant an opportunity to retract what we must construe as a waiver of his right to offer evidence; there being no suggestion, nor apparent possibility, of a different result on another trial.

The questions for decision arise therefore upon the admitted execution and nonpayment of the note and the effect of the former judgment as *res judicata* of the allegations of the answer that the note was without consideration and obtained by duress and fraud, so that the note itself "is extortionate, unconscionable, usurious, and void, and was exacted of the defendant as a penalty."

In the suit to cancel no specific charge was made that the note is usurious. Because it is characterized by that epithet in defendant's answer in this case, it is contended that the usurious nature of the transaction is presented for determination as a question not concluded by the judgment in the former action. But if we should assume that the present application to the note of the adjective "usurious" constitutes a sufficient allegation to raise the question suggested, it is apparent that whether the contract is in fact usurious depends upon the truth of the allegations concerning the circumstances under which the note was given; the instrument on its face not calling for the payment of an unlawful rate of interest. As these allegations of the complaint in the former action and the defendant's answer in this are in substance identical, it is

clear that the foundation for any such claim is want-
ing because of the determination of the falsity of
such allegations by the former proceeding.

In connection with the assignment of error that the
appellant was deprived of an opportunity to present
any defense to the former judgment the specific con-
tention is presented that the issues should have been
passed on by a jury. It is well settled, however, that
the construction of documents or writings in evidence
is a question of law, and that it is the duty of the
court to construe them and state to the jury their
terms and legal effect. 38 Cyc. 1522. As there is no
suggestion that the writings to be construed in this
case are ambiguous, or that their construction was to
be made upon any consideration of extrinsic uncon-
ceded facts, there was nothing for the jury to pass
upon, and it was the duty of the court to determine
such construction. (Id.)

It is further claimed that because the first judg-
ment was rendered upon an instructed verdict it was
not a final adjudication so as to be *res judicata* of the
questions involved. Many of the authorities cited
by appellant in support of this contention are deci-
sions regarding the effect of a judgment of nonsuit
or dismissal. By paragraph 519, Civil Code of 1913,
it is provided that—

"At any time before the jury have retired the plain-
tiff may take a nonsuit, but he shall not thereby
prejudice the right of an adverse party to be heard on
his own claim for affirmative relief; when the case is
tried by the court, such nonsuit may be taken at any
time before the decision is announced."

In the early case of *Bryan* v. *Pinney,* 3 Ariz. 34, 21
Pac. 332, that part of section 764 of the Revised
Statutes of 1887, providing that "at any time before
the jury have retired the plaintiff may take a non-
suit, but he shall not thereby prejudice the right of an
adverse party to be heard on his own claim for af-

firmative relief," was construed to prohibit the ordering of an involuntary nonsuit against the plaintiff. In the concurring opinion of Judge BARNES it was said that—

The "defendant has a right to such a judgment as shall bar him, unless plaintiff escape by a voluntary nonsuit."

The decision in that case has never been departed from. See *Roberts* v. *Smith,* 5 Ariz. 368, 52 Pac. 1120; *Santa Fé, P. & P. Ry. Co.* v. *Ford,* 10 Ariz. 201, 85 Pac. 1072. As the appellant did not in the former case move for a voluntary nonsuit, there can be no question that the judgment entered upon the instructed verdict was final.

As stated, the complaint in the action brought to cancel the note contained the same allegations as are set forth in the defense to this action, and the falsity of such allegations was determined by the judgment in the former case. It is plain upon principle and authority that the defendant is therefore estopped and concluded from maintaining such defense. As was said in *Southern Pac. R. R. Co.* v. *United States,* 168 U. S. 1, 42 L. Ed. 355, 18 Sup. Ct. Rep. 18:

"A right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

See, also, *Wilson, Exr.* v. *Deen,* 121 U. S. 525, 30 L. Ed. 980, 7 Sup. Ct. Rep. 1004 (see, also, Rose's U. S. Notes); *The Hamilton Bldg. Assn.* v. *Reynolds,* 12 N. Y. Super. Ct. (5 Duer) 671; Black on Judgments, §§ 504–506.

The execution of the note, its nonpayment, and that it was presently due not being denied, and the special defense interposed being insufficient in fact and law, the court was right in instructing the jury to return a verdict for appellee and in rendering judgment thereon.

"A verdict should be directed for the plaintiff where there is no conflicting testimony and the evidence clearly shows the right of the plaintiff to a verdict." 26 R. C. L. 1073, and cases cited.

See, also, 38 Cyc. 1574b.

The judgment is affirmed.

ROSS, C. J., and McALISTER, J., concur.