Jones, J.
The lower courts held the defendant coal company immune from suit, because the legal representative of the deceased had theretofore applied to the Commission for compensation, and, under the provisions of Section 1465-76, General Code, had thereby waived her option to sue for damages.
The trial court in so holding relied upon Zilch, a Minor, by etc., v. Bomgardner, 91 Ohio St., 205, 110 N. E., 459.
It is conceded by the pleadings that the application for an award was made and denied by the Commission upon the ground that Conrad, at the time of injury, was not in the employ of the defendant, and that the injury was not sustained in the course or scope of his employment.
The question presented is: Does the legal representative of a killed person, who makes an application for an award, waive her right to sue for damages at common law when the sole ground of rejection by the Commission is that at the time of the *390 injury the employe was not in the employ of the defendant, and was not killed in the course of his employment? Since judgment was rendered on the pleadings the fact must he conceded, as alleged in the amended petition, that the deceased was killed “after the termination of his day’s employment and while not in the course of his employment.”
The petition was not grounded upon the violation of a lawful requirement, or for the commission of a willful act, but was based upon allegations of negligence under the principles of the common law. The accident occurred while Conrad, after completion of his daily work as engineer, was riding homeward on one of the cars of the defendant. It is contended by defendant in error that the relation of employer and employe was not suspended, but remained in a continuous status. An examination of the act discloses that neither by terms nor intendment does it apply to those who are not employes at the time of the injury.
“In order to warrant payment of compensation under the Workmen’s Compensation Act it is essential that there should have existed at the time of the calamity a contract of employment between the claimant and the alleged employer.” 28 Ruling Case Law, 760, Section 55.
If, in connection with the employment, the employer was under an obligation to transport his employe, the relationship would continue to subsist; in such event the employe might still be considered as continuing in the course of employment under Section 1465-68, General Code. However, the pro-’ visions of the act do not comprehend injuries “outside of and disconnected with the business in *391 which an injured workman was employed.” (Industrial Commission v. Weigandt, 102 Ohio St., 1, 130 N. E., 38.) Furthermore, Section 1465-68 explicitly applies the provisions of the act to such employes as may he injured or killed in the course of employment. Conrad, therefore, under the allegations of the petition, was wholly without and a stranger to the act; he was not in the employ of the defendant at the time of injury, nor was he killed while in the course of his employment.
The construction of Section 1465-76, General Code, becomes easily reconcilable with this view. That section applies to employers who have complied with the provisions of the Workmen’s Compensation Act, and its pertinent provisions read as follows:
“Every employe, or his legal representative in case death results, who makes application for an award, or accepts compensation from an employer * * * waives his right to exercise his option to institute proceedings in any court.”
The lower courts held that, under this section, the legal representative, having theretofore made an application for an award, thereby waived her option to institute proceedings to recover damages at common law. The word “employe,” wherever used in the section, connotes employment at the time of the injury. It provides in express terms that, where death results to an employe “while in the employ of an employer in the course of employment,” the employe may have two options under the section only where tie injury arises from a willful act, or from failure to observe a lawful requirement. In such event he “may, at his option, either” (a) claim *392 compensation or (b) institute proceedings in court for his damage. The latter proceedings, however, are confined to the proceedings awarded by the section, to-wit, a suit based upon the commission of a willful act, or upon failure to observe a lawful requirement. These are the options given to the injured party. This is clarified by the latter part of the section, where the “proceedings” referred to are the “proceedings in court as provided in this section.” The only proceeding in court provided in that section is a suit for damages under the act.
Other provisions of the section sustaining this construction are those wherein reference is made to “actions authorized by this section.” This construction, as to the optional remedies of the injured employe, was adopted in the opinion in State, ex rel. Trumbull Steel Co., v. Industrial Commission, 106 Ohio St., 82, 138 N. E., 530.
We are therefore of the opinion that the provisions of Section 1465-76, G-eneral Code, including the option therein provided, apply to an injury sustained in the course of employment, and that those provisions are not available where the relationship of employer and employe has ended. . In such event the act covers neither, and both are relegated to the common-law principles governing actions and defenses generally applicable to cases of negligence. The trial court misapplied the principle announced in Zilch v. Bomgardner, supra. In that case the employe was not only injured while in the employ of Bomgardner, but predicated his claim upon the violation of a statutory requirement.
After the denial of the award by the Commission the legal representative appealed to the com *393 mon pleas court under favor of Section 1465-90, General Code. This appeal was pending when the instant suit for damages was brought, but was dismissed before the suit was determined. Since we have decided that there was no statutory waiver, was the applicant concluded by an estoppel of record evidenced by the finding of the Commission against her?
According to the allegations of the reply, the Commission found that at the time of injury Conrad was not in the employ of defendant, nor injured in the course of employment. Had the finding of the Commission been in her favor, or had she accepted compensation under the act, an estoppel would arise, since she could not thereafter consistently sue on the theory that the deceased was not covered by the act. One cannot pocket the fruits of the act and later disclaim it.
Conceivably a case might be presented where an injured party is entitled to redress where the facts determining the forum are extremely uncertain. Shall a mistake in the choice of a forum preclude the party from thereafter seeking the true one? The Commission’s jurisdiction extends only to those employes and employers covered by the act. If the injury was not occasioned at a time when the employe’s relationship existed, the further exercise of jurisdiction by the Commission ceased. It could make no award. Its finding was equivalent to a judgment that the applicant had sought the wrong forum for his remedy, and was in effect a. dismissal for want of jurisdiction.
“It is a well-established rule that the choice of a fancied remedy that never existed, and the *394 futile pursuit of it, either because the facts turn out to be different from what the plaintiff supposed them to be, or the law applicable to the facts is found to be other than supposed, though the first action proceeds to judgment, does not preclude the plaintiff from thereafter invoking the"proper remedy.” 9 Buling Case Law, 962, Section 9.
This principle is supported by Lessee of Lore v. Truman, 10 Ohio St., 45. There the jurisdiction of a court of equity had been sought by the plaintiff, and it was held that a dismissal for want of equitable jurisdiction would not estop the plaintiff from seeking relief in a court of law touching the matters relied upon in his equitable suit, and in its opinion (page 56) the court said:
‘ ‘ To hold them estopped per se by such a record, would be extending, without reason, the doctrine of estoppel further than it has ever yet been carried, and make it the instrument of manifest injustice.”
In P., C., C. & St. L. Ry. Co. v. Bemis, 64 Ohio St., 26, 59 N. E., 745, where a former case had been dismissed for want of jurisdiction, Judge Spear, in the course of the opinion, after quoting Mr. Justice Field’s adherence to the foregoing rule, said:
“The rule is not different at law respecting the rule of res judicata. Nor, as we think, do the authorities justify the conclusion that a mistake as to jurisdiction should work irreparable prejudice.”
The principle under discussion is similar to that where an application is made to a probate court of a county for the issuance of letters testamentary. If that court should find the deceased is not a resident of such county, and for that reason should deny the issuance of letters because of want of jurisdie *395 tion, it is clear that the applicant may apply to another probate court of the proper county for letters testamentary.
The following is the syllabus in Water, Light & Gas Co. v. Hutchinson, 160 Fed., 41, 90 C. C. A., 547, 19 L. R. A. (N. S.), 219:
“The fact that a party through mistake attempts to exercise a right to which he is not entitled or has made choice of a supposed remedy which never existed, and pursued it until the court adjudged that it never existed, does not preclude him from after-wards pursuing a remedy for relief, to which in law and good conscience he is entitled.”
To the same effect are Harrill v. Davis, 168 Fed., 187, 94 C. C. A., 47, 22 L. R. A. (N. S.), 1153; Standard Oil Co. of Ky. v. Hawkins, 74 Fed., 395, 20 C. C. A., 468, 33 L. R. A., 739, and Zimmerman v. Robinson $ Co., 128 Iowa, 72, 102 N. W., 814, 5 Ann. Cas., 960.
A case in point arose under the California Industrial Compensation Act, wherein the option provisions are not dissimilar from our own. (San Francisco Stevedoring Co. v. Pillsbury, 170 Cal., 321, 149 Pac., 586.) There the employe had sought compensation under the Compensation Act. On certiorari to that proceeding it developed that the defendant had theretofore instituted proceedings for damage in the superior court of San Francisco, which sus* tained a demurrer to the complaint and dismissed it. It was there claimed that an election was made by the complainant by commencing an action in the superior court, and that the judgment therein rendered was a final determination of the matter. In his opinion at page 322 of 170 Cal., at page 587 of 149 Pac., the Chief Justice said:
*396 “The judgment of the superior court in Broderick’s action simply determines that the allegations of his complaint failed to state a case of this character, and therefore that the proper tribunal for the adjudication of his claim is the Industrial Accident Commission. Nothing else can be held to have been determined against him. He cannot be held to be estopped thereby from pursuing his remedy before the Commission.”
The principle was likewise upheld by the King’s Bench division in Beckley v. Scott & Co. [1902], 2 K. B. Irish Rep., 504. There a workman applied for compensation under the English Workmen’s Compensation Act. The application was denied because the employe was held not to be within the scope of the act. Thereupon the employe brought a common-law action for damages' against the employer alleging negligence. The English court held-:
“When a workman has proceeded to have compensation for his injuries assessed under the Workmen’s Compensation Act 1897, and is defeated by reason of a ruling that his case does not come within the provisions of the act, he is not thereby prevented from instituting subsequent proceedings independently of the act, to enforce any previously existing remedy to which he may have been entitled.”
The California and Irish cases both support the principle announced that the denial of compensation by the Commission for the reason stated was not a bar to a subsequent suit for actionable negligence at common law. However, under the distinct provisions of the Ohio act it must be kept in mind that the option may be exercised only where the injury has arisen from the willful act of an employer, or from his failure to comply with a lawful require *397 ment; the applicant is then permitted to select his remedy, bnt the selection of one of the two remedies designated is a waiver of his right, to pursue the other.
We are therefore of the opinion that the legal representative of the deceased did not waive her right to prosecute this action for damages, and that the optional provisions of Section 1465-76, General Code, did not comprehend an action of that character ; nor was she estopped' from bringing it after the adverse finding made by the Commission on her application for an award. '
The judgments of the lower courts will be reversed, and the cause remanded to the court of common pleas for further proceedings according to law, with instructions to overrule the motion of. the defendant below for judgment on the pleadings.

Judgments reversed.

Marshall, C. J., Wanamaker, Matthias, Day and Allen, JJ., concur.