18491—Winifred Kidd v. Bryant Heater & Mfg. Co. Motion to direct Cuyahoga Appeals to certify record. Overruled.

Docketed March 31, 1924 . 2 Abs. 244.

18499—Y. M. C. A. et al v. Juliette Sissons. Motion to direct Franklin Appeals to certify record. Overruled.

Docketed April 3, 1924. 2 Abs. 258.

18541—Cleveland, Akron Bus Co. v. Public Utilities Commission. Motion by plaintiff for extension of time for filing record and brief. Allowed.

Docketed April 27, 1924.

18563—Pennsylvania R. R. Co. et al v. George H. Lindahl, Admr. Motion to direct Hamilton Appeals to certify record. Overruled.

Docketed May 12, 1924. 2 Abs. 339.

18571—Pennsylvania R. R. Co. et al v. George H. Lindahl, Admr. Motion to direct Hamilton Appeals to certify record. Overruled.

Docketed May 12, 1924. 2 Abs. 339.

# Syllabi of Cases

18255—Michele Delassandro v. Industrial Commission of Ohio. Error to the Court of Appeals of Cuyahoga County.

1283. WORKMEN'S COMPENSATION — Street cleaner assaulted while engaged as, by an ordinance violator, injury sustained is in course of employment.

DAY, J.

Where one employed by a municipality as a street cleaner, while so engaged, tells a person who has swept dirt into the street, in violation of a city ordinance that he is "violating said ordinance," whereupon the street cleaner continuing his work, is violently assaulted from behind and injured by such person, without provocation, such injury is sustained "in the course of his employment" under the terms of the Workmen's Compensation Act.

Judgment reversed.

Marshall, C. J., Robinson, Jones, Matthias and Allen, JJ., concur. Wanamaker, J., not participating.

No. 18350—The State, ex rel, The Wolf Run Coal Co., v. The Industrial Commission of Ohio. In Prohibition.

1283. WORKMEN'S COMPENSATION— Institution of court proceedings not a waiver of right to statutory award. Finding of court that act or omission of employer did not constitute a violation of a lawful requirement, does not relieve claimant respecting waiver.

MATTHIAS, J.

1. Under the express provisions of Section 1465-76, General Code, an employe, or his legal representative in case death results, who exercises his option to institute proceedings in court, as provided by such section, waives his right to any award.

2. Where an action is prosecuted by the administrator of an employe whose death had resulted from an injury sustained by him in the course of his employment, which is based upon the claim that such injury was caused by the failure of the employer to comply with a lawful requirement, the fact that the court found and determined that the act or omission did not constitute a violation of a lawful requirement, within the purview of Section 1465-76, General Code, does not relieve the claimant from the operation of the express provisions of such statute respecting waiver. Under that statute the election of remedies is made by the institution of the suit and not by the result thereof.

Writ allowed.

Marshall, C. J., Robinson, Jones, Day and Allen, J., concur. Wanamaker, J., not participating.

No. 18140—Sophia Sargent, individually and as Executrix of the estate of Edward B. Sargent, v. City of Cincinnati. Error to the Court of Appeals of Hamilton County.

93. APPROPRIATION OF PROPERTY— In proceedings as to compensation for property taken by a municipality for water works, only issue is the value of the property— Public need not justiciable, for if property sought is already used for the purposes intended, under a perpetual lease issue may be made by injunction in independent suit. Notice to land owner does not afford him opportunity for remedy.

MARSHALL, C. J.

1. In a proceeding to assess compensation for taking private property by a municipality for water works purposes under favor of Secton 3681, General Code, the only issue to be tried is the value of the property.

2. In such case the question of the public need and the adaptability of the property to the intended use is a political question and not justifiable. If, however, the property sought to be appropriated is already user for the purposes intended, under rights granted by a valid perpetual lease in full force and effect, and the property owner desires to raise this issue, injunction will lie in an independent suit to determine whether the public need is being supplied.

3. In such case the notice given to the property owner by Section 3680, General Code, does not afford the land-owner an opportunity to have that issue determined in a judicial proceeding, and does not, therefore, afford a full, complete and adequate remedy.

Judgment reversed.

Robinson, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

No. 18239—The State ex rel James Watkins v. Vic Donahey, Governor et al. In Mandamus.

661. INTOXICATING LIQUORS — Sec. 6212-34 GC. is constitutional and provides remedy for removal of officers including classified in addition to power of Civil Service Commission to remove.

MARSHALL, C. J.

Section 6212-34, General Code (109 O. L. 9), is a valid exercise of legislative power, and provides a remedy for removal of all officers, including classified service, who are charged with the duty of enforcement of laws relating to intoxicating liquors, in addition to the power of removal lodged in civil service commission by Section 4886-17a, General Code.

Writ denied.

Robinson, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.