274 P.2d 85

**ERNEST JEUNE, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, et al., Respondents.**

**No. 5893.**

Supreme Court of Arizona.

June 30, 1954.

Rehearing Denied Sept. 21, 1954.

Udall & Udall, Tucson, for petitioner.

John R. Franks, Phoenix, Robert E. Yount, Donald J. Morgan, and Robert K. Park, Phoenix, of counsel, for respondents.

STANFORD, Justice.

This is an appeal by certiorari by Ernest Jeune, hereinafter called petitioner, from an award of The Industrial Commission of Arizona and B. F. Hill, F. O. Nathan, and J. J. O'Neill, members of said Commission, hereinafter called respondents, made on February 9, 1954, denying him any benefits.

The facts in the case are not in dispute. Petitioner was injured by accident on June 20, 1952, while working at Tucson for Del E. Webb Construction Company. The employer carried compensation for its employees with the respondent Commission. On August 15, 1952, petitioner filed a negligence action against his employer for his personal injuries, on the theory that the employer had failed to post the notices

required by Section 56–944, A.C.A.1939. This action was tried in November, 1952, and the Superior Court of Pima County directed a verdict against petitioner on the sole ground that his evidence, viewed most favorably to him, failed to show that his employer had not fully complied with Section 56–944, supra. On January 25, 1954, this court, in Jeune v. Del E. Webb Const. Co., 76 Ariz. 418, 265 P.2d 1076, affirmed the superior court.

Thereafter, petitioner applied to the respondent Commission for workmen's compensation. On February 9, 1954, the Commission entered an "award" denying petitioner any and all compensation or accident benefits, on the theory that by undertaking his unsuccessful civil action against his employer he had waived any right to compensation.

Petitioner filed but one assignment of error:

"The Respondent Commission erred and acted without jurisdiction in its order of February 9, 1954, denying petitioner any benefits or compensation, for the reason that the civil action previously filed against the employer was dismissed and was a nullity, and for the further reason that said order completely misinterprets and misconstrues the intent and language of Sections 56–950 and 56–944."

The question before us is one of law only and involves an interpretation of Sections 56–944 and 56–950, A.C.A.1939.

Section 56–944, supra, in so far as is relevant here, provides:

"* * * it shall be optional with employees to accept compensation as provided herein or to reject the provisions hereof and retain the right to sue said employer as provided by law. Such election to reject the terms of this article shall be made by a notice [to that effect] in writing, signed and dated, given by an employee to his employer * * *. Such notice must be filed with the employer prior to injuries sustained by such employee * * *. *All employees shall be conclusively presumed to have elected to take compensation* in accordance with the terms, conditions and provisions hereof, unless said notice in writing has been served by the said employee upon his employer prior to injury." (Emphasis supplied.)

Section 56–944, supra, then directs that every employer "* * * shall post and keep posted in a conspicuous place upon his premises * * *" a notice informing the employee as to his rights which are as set forth in the statute above quoted.

Section 56–944, supra, concludes by providing:

"If an employer fails to post and keep posted said notice as required * * *, no employee who shall thereafter engage in employment for such employer; during the time that such notices shall not be posted * * *,

shall be deemed to have accepted the provisions of this article and it shall be optional for such employee, if injured during said period * * *, to accept compensation hereunder or maintain other action against the employer."

Section 56–950, supra, in so far as is relevant here, provides:

" * * * Every employee * * * who exercises any option to institute proceedings in court waives any right to any award * * *".

The question before us is whether an injured employee, who institutes a civil suit for damages against his employer on a theory of negligence but who then has a verdict directed against him on the grounds that he had failed to prove that the statutory notices had not been posted, may thereafter be denied workmen's compensation on a theory of election of remedies.

Respondents argue:

"Petitioner has misconstrued the nature of the option given to him under the Arizona statutes. He would reason that he is entitled to file suit for the purpose of determining whether or not an option really exists. This of course cannot be true under the Arizona statute which makes the election complete upon the instituting of suit. The Arizona statute has in effect said: 'If you feel that you can prove that the employer did not post notices as required by law, go ahead and file suit and attempt to prove it, but when you file the suit you will have preconcluded yourself from any right to an award from the Commission.' "

The language of Section 56–944 is unambiguous. It provides, with one exception to be noted presently, that any injured employee who has not notified his employer in writing of his intention to reject workmen's compensation in favor of suing his employer prior to his injury " * * * shall be conclusively presumed to have elected to take compensation". The one exception arises when the employer fails to post the notices as required by Section 56–944, supra, in which event the employee retains an option even after injury either to accept workmen's compensation or to sue the employer.

▇ The exception just referred to has no applicability in the present case since the notices were posted by the employer as required. This was conclusively decided, so far as these parties are concerned, in the case of Jeune v. Del E. Webb Construction Company, 76 Ariz. 418, 265 P.2d 1076. See Lauderdale v. Industrial Commission, 60 Ariz. 443, 446–447, 139 P.2d 449; Jones v. Morrison, 24 Ariz. 367, 373–374, 210 P. 472. It follows, therefore, that petitioner " * * * shall be conclusively presumed to have elected to take compensation * * *" as provided by Section 56–944. The language of the statute is subject to no other interpretation.

■ We agree with respondents that once an injured employee has elected either of the two remedies theoretically open to him, he forever precludes himself from pursuing the other remedy. Likewise, we agree with respondents that the petitioner Jeune has made a conclusive election, but his election was to accept workmen's compensation (by fiat of Section 56–944), and was not, as contended by respondents, an election to reject compensation and sue his employer.

The question thus remaining is whether petitioner, having conclusively elected to take compensation, has somehow waived or forfeited that remedy by having subsequently instituted a civil suit against his employer to recover damages for the injury. The case of Gordon v. Amoskeag Mfg. Co., 83 N.H. 221, 140 A. 704, 706, is in point. Plaintiff there, following his injury, accepted workmen's compensation payments for two months. Thereafter he brought a civil action against his employer to recover for the same injury. The action was dismissed because the plaintiff had already accepted workmen's compensation. Plaintiff then applied for further workmen's compensation payments. The Commission refused to pay. The court held that he was entitled to compensation notwithstanding his intervening suit against his employer. The court declared:

"When once a valid election has been made, there is no further right of election. 'The assertion of one remedy involves a negation of the other.' Behr v. Soth, 170 Minn. 278, 286, 212 N.W. 461, 464. Consequently a judicial determination that the plaintiff has elected to accept compensation under the act is at the same time a determination that he has not elected to retain his common-law rights. His attempt to exercise those rights is therefore nugatory; the abortive action is dismissed, and he is left to his original choice."

■ The Workmen's Compensation Act, A.C.A.1939, § 56–901 et seq., was enacted primarily for the benefit of the injured employee to the end that employees might be assured of compensation for their injuries. The Act, therefore, should be, so far as possible, liberally construed to accomplish that purpose. Pressley v. Industrial Commission, 72 Ariz. 299, 233 P.2d 1082, 1085; Goodyear Aircraft Corp. v. Industrial Commission, 62 Ariz. 398, 158 P.2d 511, 513.

■ It would hardly be consistent with the spirit and purpose of our Workmen's Compensation Act, as set forth above, to declare it the intention of the legislature in providing that, in instances where an employer fails to post the statutory notices, an employee should have the option (not otherwise available to him) of maintaining a civil action against his employer and then, having so provided, deny the employee not only recovery against his employer but

also the benefits of workmen's compensation (otherwise available to him) where the employee exercises the regularly constituted procedure of our judicial system in an unsuccessful attempt to establish that his employer had failed to comply with his statutory duty.

"Surely the Legislature could not have intended that a right made exclusive through election should, in all cases and under all circumstances, be irretrievably lost by a subsequent endeavor to assert a nonexistent right.

\* \* \* \* \* \*

"The imposition of so drastic a penalty will not be inferred except from clear and unequivocal language." Gordon v. Amoskeag Mfg. Co., 83 N.H. 221, 140 A. 704, 706.

To adopt the construction urged by the respondents would be to deny the employee a reasonable opportunity to contest the disputed question of whether his employer had posted the notices required by Section 56–944, supra.

The obvious purpose of the legislature in adopting the last paragraph of Section 56–944, supra, creating an exception to what would otherwise be the employee's exclusive remedy, was to subject the employer to suit at common law for failure to post notices as required by the statute, Sec. 56–944, supra, rather than to create a trap for the employee by which he might·be denied the right to seek workmen's compensation, a right otherwise unquestionably his.

It is asserted, however, that one of the purposes of the statute is to protect the employer from vexatious litigation and that that purpose would be defeated by a holding here that this petitioner is entitled to workmen's compensation. But as we have already declared herein, an employee is compelled to abide by his election, and if that election be, as here, to accept workmen's compensation, he may not thereafter sue his employer at common law on the merits of the case except upon a showing, as the statute specifically provides, that the statutory notices were not posted by the employer as required. If the employee brings such a civil suit against his employer in good faith he ought not to be penalized therefor. Gordon v. Amoskeag Mfg. Co., 83 N.H. 221, 140 A. 704.

Respondents insist that this court is bound by the law of Ohio, especially as stated in State ex rel. Wolf Run Coal Co. v. Industrial Commission, 1924, 110 Ohio St. 487, 144 N.E. 272, and in The Carnegie Steel Co. v. Zebich, 1923, 108 Ohio St. 449, 141 N.E. 367, and that, applying these cases, we could find only for respondents. Respondents support their contention by quoting from Elias v. Territory, 9 Ariz. 1, 3, 76 P. 605,

"The adoption of a statute from another state adopts with it the construction placed upon it by the supreme court of that state at the time of such adoption."

Notwithstanding this statement, we are not bound to adopt automatically and without modification the foreign construction of a statute if to do so would be inconsistent with principles of equity and justice and with our general conditions as we view them.

"It is true that we have usually followed the doctrine that when we take a statute from another state we take it with the construction placed upon it by the courts of that state. (Citations omitted.)

"This rule, however, is not one which is mandatory and absolutely binding on us, and we have the right, if we consider another construction more in accord with the fundamental principles of logic, common sense and justice, and of our public policy to adopt it. (Citations omitted.)" Phoenix Title & Trust Co. v. Old Dominion Co., 31 Ariz. 324, 334, 253 P. 435, 438, 59 A.L.R. 625.

Therefore, if it be true that the statute applicable to the facts in this case were adopted from the statutes of Ohio as they appeared in 1925 when our present Workmen's Compensation Act became law, we also adopt the constructions that had been placed upon that statute up to that time by the highest court of Ohio, unless such constructions are contrary to our conception of justice and public policy. If it be true that the courts of Ohio, in construing statutes similar to Sections 56-944 and 56-950, supra, would deny recovery to an employee in the position of petitioner, Jeune, here, we decline to follow that view, since it does not comport with our conception of justice and common sense as expressed in a policy, to which this state has long been committed, of liberal construction of our Workmen's Compensation Act, favoring the granting of compensation to injured employees. See San Francisco Stevedoring Co. v. Pillsbury, 170 Cal. 321, 149 P. 586.

Respondents also contend that Arizona law on the matter before us was settled in their favor by the early cases of Twohy Bros. v. Rogers, 9 Cir., 293 F. 566, and Consolidated Arizona Smelting Co. v. Ujack, 15 Ariz. 382, 139 P. 465. Both these cases were decided, however, before we adopted our present Workmen's Compensation Act and before our code contained any provision at all similar to our present Section 56-944, supra. Clearly, then, these cases cannot be controlling here.

Therefore, the Commission's "award" of February 9, 1954, denying petitioner compensation and accident benefits, was beyond its jurisdiction and is hereby set aside.

LA PRADE and WINDES, JJ., and LOCKWOOD, Superior Court Judge, concur.

Justice UDALL, having disqualified himself, the Honorable LORNA E. LOCKWOOD, Judge of the Superior Court of

Maricopa County, was called to sit in his stead on the determination of this appeal.

PHELPS, C. J. (dissenting).

I cannot agree either with the reasoning or the conclusion reached by the majority members of the court in this case.

The majority opinion is based upon the doctrine of election which is a development of equity jurisprudence and is in the nature of an equitable estoppel, while the question before the court is purely one of statutory construction, neither restricted nor enlarged by any principles of equity.

Petitioner Jeune was injured by accident arising out of and in the course of his employment with the Del E. Webb Construction Company, at Tucson, Arizona. The accident occurred on June 20, 1952. Although the Industrial Commission had recognized the injury as compensable and had sent petitioner a check for $79.28, he returned the check and on August 15, 1952, filed a common-law negligence action against his employer in the superior court of Pima County seeking $65,000 damages for the injuries sustained. At the close of his case the court instructed a verdict against him upon the ground that "most of (plaintiff's) evidence is rather negative with respect to a positive showing that the signs were down." Appeal was taken to this court and the judgment of the lower court was affirmed. Petitioner thereupon renewed his application for compensation with the Industrial Commission.

The pertinent portions of the statutes involved are here set forth haec verba. Section 56–944, A.C.A.1939, provides:

"Every employer of employees engaged in occupations as designated herein shall post and keep posted in a conspicuous place upon his premises, in all languages spoken by his employees and available for inspection by all workmen, a notice in substantially the following form: 'All employees are hereby notified that in the event they do not specifically reject the provisions of the compulsory compensation law they are deemed by the laws of Arizona to have accepted the provisions of such law, and to have elected to accept compensation under the terms of said law, and that under the terms thereof employees have the right to reject the same by written notice thereof prior to any injury sustained, and that blanks and forms for such notice are available to all employees at the office of this company.'

"If an employer fails to post and keep posted said notice as required or fails to keep available at the place where laborers are hired, the blank forms of notice herein provided for to be signed by workmen, no employee who shall thereafter engage in employment for such employer, during the

418

time that such notices shall not be posted or during the time that such blanks are not available, shall be deemed to have accepted the provisions of this article and it shall be optional for such employee, if injured during said period * * * such notice was not posted, to accept compensation hereunder or maintain other action against the employer."

Section 56–950, A.C.A.1939, provides:

"Every employee, or his legal representative in case death results, who makes application for an award, or with the consent of the commission accepts compensation from an employer, waives any right to exercise any option to institute proceedings in any court. Every employee or his legal representative in case death results, who exercises any option to institute proceedings in court waives any right to any award or direct payment of compensation from his employer."

It is my view that in determining the issues in this case sections 56–944 and 56–950, supra, are in pari materia, the former giving to the employee under the circumstances in this case the option to either sue at common law or to accept compensation under the Workmen's Compensation Act, and the latter provides that when such employee exercises his option and makes application for an award or with the consent of the commission, accepts compensation from an employer, he thereby waives any right to institute proceedings in any court. And vice versa, if he exercises his option to institute proceedings in any court he waives any right to an award or direct payment of compensation from his employer.

The right of the employer and of the employee under the circumstances set forth therein are stated in clear and concise language. There is not the slighest ambiguity in the sections above quoted. Therefore this court is neither called upon to interpret said statutes nor has it the right to do so. The legislature has clearly expressed its intent therein and the power of the court therefore is limited to the enforcement of the legislative intent as expressed. The majority opinion is doing violence to this law by writing into it the elements of an equitable election, thus injecting into it an intent which cannot be gleaned from the simple and concise language used by the legislators.

Every case cited by appellant, except the New Hampshire case hereinafter distinguished, and upon which the majority rely, is based upon an equitable election which I confess is supported by respectable authority and perhaps by a majority of jurisdictions but we are not concerned with that kind of an election. We are concerned with the mandatory language of a statute. The word "election" is not used in the statute. It simply says that if you exercise an option to institute an action

at common law the mandatory result of instituting the action is a waiver of any right to compensation under the Workmen's Compensation Act. It doesn't say in the event the injured party prosecutes his action to a successful conclusion he waives his right to compensation, yet the result of the majority opinion is just that. It says in effect that an election of remedies under the above-quoted sections of the Workmen's Compensation Act is confined to those cases where the injured person prosecutes his common-law cause of action to a successful conclusion and denied in all cases where he loses. This holding, in my considered opinion, will result in much litigation in pursuing the common-law remedy for the reason that there is nothing whatever to lose in the event of failure of success in the courts. It opens the door to a practice in direct opposition to the policy of the state as declared in article 18, section 8, of the Arizona Constitution mandating the legislature to enact a workmen's compulsory compensation law to relieve workmen, their widows, children or dependents from burdensome, expensive and litigious remedies for injuries to or death of such workmen producing uncertain and unequal compensation therefor.

I do not think the directed verdict in the common-law action of petitioner which was based upon the ground as stated by the court that "most of (plaintiff's) evidence is rather negative with respect to a positive showing that the signs were down" is an adjudication that "the signs" were up except as between plaintiff and defendant and their privies in that case. As to them it is of course res judicata. Otherwise it is simply an adjudication that plaintiff did not prove to the satisfaction of the court that "the signs were down". The fact that the judgment of the lower court was affirmed here does not alter the situation. The notice (or "sign") may or may not have been down and any other employee who may have been injured on that occasion may show in any court that the notice was not posted.

Plaintiff worked for the company ten days before his injury. He knew whether the "signs" were up or not. He had made observations for ten days and in addition to himself, presented five witnesses at the trial to support his contention. He argued to the trial court on a motion for a new trial and here on appeal to this court that there was ample evidence to go to the jury for its determination of whether the notice was posted. Therefore petitioner voluntarily went into court to prosecute his common-law remedy with full knowledge of the facts and of his legal rights (because the commission had tendered him a check in recognition of the compensable character of his injury) and even under the doctrine of an equitable election he should not be allowed to thereafter resort to an inconsistent remedy which involved a contradiction of the grounds upon which he had before proceeded.

This notice was either posted as required by law or it was not. From my point of view there was no room for mistake of fact on this matter. Ten days of observation was sufficient to definitely establish the fact in petitioner's mind. In the one case he must assert under oath the notice was not posted. In the other he must assert it was. He asserted under oath the notice was not up and instituted his action at common law. He did this with full knowledge of all the facts. Under the clear language of section 56–950, supra, he waived any right he may have had to compensation under the Workmen's Compensation Act.

The case of Gordon v. Amoskeag Mfg. Co., 83 N.H. 221, 140 A. 705, 706, although based upon a statute, is of but little aid in this case because there is no similarity between the New Hampshire and the Arizona statutes or in the facts of the two cases. The injured person in the New Hampshire case had agreed with the Industrial Commission to not bring a common-law action and had received compensation under the Compensation Act for months. The court held he had already made his election to take under the Compensation Act and was bound by it. It further held, however, that if he acted in good faith in bringing the action he did not thereby forfeit his right to compensation under his previous election. In the instant case petitioner had not accepted compensation nor had he elected so to do.

He elected to pursue his common-law remedy.

In the case of Carnegie Steel Co. v. Zebich, 108 Ohio St. 449, 141 N.E. 367, 368, under a statute, Gen.Code, § 1465–76, which read:

" 'Every employee, * * * who exercises his option to institute proceedings in court, as provided in this section, waives his right to any award, or direct payment of compensation from his employer under section 22 hereof, * * * as provided in this act'."

The court held that where the injured person instituted an action in the courts to recover for damages sustained as a result of the injury, that he exercised his option to pursue that remedy and thereby waived his right to claim compensation from the employer. And in State ex rel. Wolf Run Coal Co. v. Industrial Commission, 110 Ohio St. 487, 144 N.E. 272, 273, under the provisions of the same section of the statute the court said with respect to the language used:

"Language cannot be made more direct or certain, and no part of it calls for or permits any interpretation or construction by the court. Under that provision, if an employe, or in the event of his death his legal representative, exercises his option and institutes proceedings in court, as provided in that section, he thereby waives the right to make claim for an award from

the Industrial Commission on account of such injury. * * * "

The above section of the Ohio Compensation Act has been repealed but this in no wise affects the logic employed by the court in passing upon the statute while it did exist.

I know of no better language with which to express the proposition of law relating to the construction of statutes than that employed by the Ohio court. Our statute is unambiguous. No part of it calls for or permits any interpretation or construction by the court. The majority opinion in presuming to construe it is violating a cardinal principle of statutory construction.

The award of the commission, therefore, should be sustained.