528 P.2d 634

**Wickliff WALKER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Vanderwey Dairy, Inc., Respondent Employer.**

No. I CA–IC 968.

Court of Appeals of Arizona,
Division 1,
Department B.

Nov. 29, 1974.

Rehearing Denied Dec. 26, 1974.

Review Denied Jan. 28, 1975.

Peter T. Van Baalen, Phoenix, for petitioner.

Edward F. Cummerford, Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Lewis & Roca by John P. Frank, D. W. Grainger, and Mary M. Schroeder, Phoenix, for respondent employer.

## OPINION

HAIRE, Presiding Judge.

On this review by certiorari of an award entered by the Industrial Commission, the petitioning claimant contends that the Commission erred in finding that it had no jurisdiction to consider the merits of petitioner's claim. The Commission found that it lacked jurisdiction because: (1) the petitioner's request for hearing was not filed within 60 days after the initial award denying his claim and therefore was untimely, and (2) even if the request had been timely, petitioner's previously filed civil action against his employer constituted an election of remedies which precluded him from filing a claim for benefits under the workmen's compensation act.

In order to determine this matter, we need only consider the question of whether the prosecution by petitioner of a civil action against his employer constituted a binding election which deprived him of further remedies before the Commission. A.R.S. § 23–1024B provides as follows:

> "B. An employee, or his legal representative in event death results, who exercises any option to institute proceeding in court against his employer waives any right to compensation."

In the fact situation presented on this appeal petitioner admittedly had instituted civil proceedings against his employer in the Maricopa County Superior Court prior to the filing of his workmen's compensation claim with the respondent Commission. Based upon these facts it would thus appear that under the provisions of § 23–1024B petitioner has waived his rights, if any, to a compensation award, and that the Commission correctly declined to consider his claim. However, petitioner, relying upon Jeune v. Industrial Commission, 77 Ariz. 410, 274 P.2d 85 (1954), contends that nothwithstanding the express provisions of the statute, the prosecution of the

civil proceeding by him did not constitute a waiver of any compensation rights which he might have possessed.

It is true that in Jeune v. Industrial Commission, *supra*, the Arizona Supreme Court held that an employee's filing of a civil proceeding against his employer did not constitute a statutory waiver under the facts presented therein. In that case, the employer had provided workmen's compensation insurance coverage, but the injured employee contended that the employer had not posted the notices required by § 56–944, A.C.A. (now A.R.S. § 23–906), and that therefore a claim for workmen's compensation did not constitute his exclusive remedy. After hearing the employee's evidence, the trial court directed a verdict against him on the sole ground that his evidence failed to show that the employer had not fully complied with the statutory posting requirements. Upon review of an Industrial Commission award which thereafter denied the employee any workmen's compensation benefits on the theory that by reason of the civil proceedings he had waived any right to compensation, the Arizona Supreme Court, through some rather involved reasoning, held that there had been no waiver. In essence, the Court held that inasmuch as the trial court had found that the employer had fully complied with the workmen's compensation law, the employee had never had any option to exercise—that he had never had the right to file a civil proceeding. This result was based upon the conclusively presumed election of the workmen's compensation remedy mandated in § 56–944, A.C.A. (now A. R.S. § 23–906), applicable when an employer has fully complied with the workmen's compensation act and the employee has not

expressly rejected the protection of the workmen's compensation act prior to his injury.

Because of important factual and legal differences, petitioner herein can find no support in Jeune. Here it was admitted from the outset that the employer had not complied with the provisions of the workmen's compensation act. His contention, quite simply, was that he was not an employer subject to the act. Faced with this state of affairs, petitioner filed a negligence action against his employer. The complaint contained allegations which, if true, would have compelled the conclusion that the respondent employer was in fact subject to the workmen's compensation act, but had not complied with its provisions. If the petitioner could have proved these allegations, then the respondent employer's admitted failure to carry workmen's compensation insurance would have brought into play the sanctions against noncomplying employers set forth in A.R.S. § 23–907A.[1]

At this point it is important to bear in mind that an employee of a *noncomplying subject* employer generally has several possible remedies. One remedy which might be available is the filing of a civil negligence action against his employer, in which event, as indicated above, the defendant employer is shorn of certain common law defenses and also bears the burden of showing a lack of negligence. One benefit inherent in this remedy is the allowance of the recovery of damages for pain and suffering, a recovery not allowed in workmen's compensation proceedings. Of course any recovery under this remedy is contingent upon a finding by the trier of fact that the defendant employer was neg-

---

1. A.R.S. § 23–907A (as amended, 1971) provides as follows:

"A. Employers subject to and who fail to comply with the provisions of § 23–961 shall not be entitled to the benefits of chapters 6 and 7 during the period of noncompliance, but shall be liable in an action under any other applicable law of the state. In such ac-

tion the defendant shall not avail himself of the defenses of assumption of risk or contributory negligence. In all such actions proof of the injury shall constitute prima facie evidence of negligence on the part of the employer and the burden shall be upon the employer to show freedom from negligence resulting in the injury."

ligent, and in the absence of such negligence, no recovery can be had.[2]

Another remedy, and one which is always available against a *noncomplying subject* employer, is that provided in A.R.S. § 23–907B.[3] This statute gives the injured employee the right to file an application for workmen's compensation benefits with the Commission. The claim is then processed and compensation determined by the Commission substantially as though it were an insured claim. The award of compensation so determined is collectible directly from the noncomplying employer, or, under certain circumstances, might be paid by the Commission from a special fund created by A.R.S. § 23–1065. Again, if the employer was not subject to the workmen's compensation act at all, then this remedy would not be available and an injured employee would be left to his common law negligence remedies if any, or as footnoted above, if a hazardous occupation was involved, to remedies provided under the employer's liability law.

With this background in mind it can be appreciated that in a fact situation involving an uninsured employer, an injured employee is faced with the difficulty of first deciding which remedy or remedies might be available to him, and second, if both civil and workmen's compensation remedies are available, deciding which to pursue. Bearing on the first decision is the question of whether the uninsured employer

was in fact subject to the workmen's compensation act. If not, then no workmen's compensation remedies are available and no election is involved. However, the factual question of whether the employer was subject to the act is sometimes quite complex, and not always finally ascertainable without decision by an appropriate forum.

Petitioner, relying upon Jeune, *supra* contends that he is entitled to a forum in which to decide the question of whether the employer was in fact a noncomplying employer subject to the provisions of the workmen's compensation act, and that until that factual question has been resolved, he cannot be held to have made an election, notwithstanding the provisions of § 23–1024B. We must admit that there is language in Jeune, *supra*, which would give some support to this contention. However, we need not decide that question. Here, the civil proceedings instituted by petitioner against his employer went far beyond any mere determination of the question of whether the employer was subject, or was not subject, to the workmen's compensation act. Prior to the time the Commission entered its award finding a lack of jurisdiction, the trial judge had entered summary judgment in favor of the defendant employer in the civil proceedings. The employer's motion for summary judgment had been based upon two issues. First, that the employer was not subject to the workmen's compensation act, and second, that in any

---

2. Another possible remedy might be by civil action pursuant to the Employer's Liability Law, A.R.S. § 23–801 et seq., dealing with certain statutorily declared hazardous occupations.

3. A.R.S. § 23–907B (as amended, 1971) provides as follows:

"B. An employee of such an employer, or the employee's dependents in case death ensued, may, in lieu of proceeding against the employer by civil action in court, file his application with the commission for compensation in accordance with the provisions of chapters 6 and 7, and the commission shall hear and determine the application for compensation in the manner other claims are heard and determined before the commission. The

compensation so determined shall be paid by the employer to the person entitled thereto within ten days after receiving notice of the amount thereof as fixed and determined by the commission. In the event the employer does not pay such compensation within ten days, the commission, in its discretion, may order the award paid out of the special fund created by § 23–1065 and in that event the cause of action against the employer shall be deemed assigned to the commission for the benefit of such fund. The commission shall then have a claim against the employer for the amount so paid, together with all necessary expenses, a reasonable attorney's fee to be fixed by the court, and a penalty equal to ten per cent of the amount paid by the commission out of the special fund."

event he was not negligent. Regardless of how or whether the trial court ruled on the first issue, in entering judgment for the defendant employer it must have ruled on the negligence issue and found the employer not negligent, since a ruling either way solely on the first issue would not have entitled the employer to summary judgment. This is so, since if the employer was subject to the act, then, with his admitted failure to comply, the presumptions previously discussed would come into play and the employer would not have been entitled to judgment against the petitioner unless his affidavits overcame these presumptions and established nonnegligence. On the other hand, if the court found that the employer was not subject to the act, still petitioner would have his common law negligence remedy, and again, the employer would not be entitled to summary judgment against petitioner unless the affidavits showed no negligence.[4] Thus in either event, the trial court had to have found on the merits that the employer was not liable to petitioner on any negligence theory. Inasmuch as petitioner pursued his civil proceedings to a conclusion *on the merits,* he can find no solace in Jeune v. Industrial Commission, *supra,* and under the clear and unambiguous language of A.R.S. § 23–1024B, must be held to have made a binding election precluding his subsequent attempt to claim compensation under the workmen's compensation act.

Inasmuch as the Commission's hearing officer correctly concluded that petitioner's prosecution of the civil proceedings constituted a binding election depriving the Commission of further jurisdiction, we need not consider whether the Commission was also deprived of further jurisdiction by reason of petitioner's alleged untimely request for hearing.

The award is affirmed.

JACOBSON, C. J., and EUBANK, J., concur.

---

4. If we assume that the court by entering summary judgment in the employer's favor ruled that the employer was not subject to the workmen's compensation act, then obviously A.R.S. § 23–907 would not apply and the employee would have no remedy before the Commission, *i. e.,* the Commission would lack jurisdiction.

On this review the employer urges the *res judicata* effect of the foregoing as constituting adequate support for the Commission's award denying jurisdiction. However, in view of the result which we have reached on a different basis, we need not decide that question.