762 P.2d 600

**Azuka UZOH, Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Sunwest Builders, Shepis Development, Conquest Sunwest, Respondent Employers,**

**State Compensation Fund, No Insurance, No Insurance, Respondent Carriers.**

No. 2 CA–IC 88–0004.

Court of Appeals of Arizona, Division 2, Department A.

June 9, 1988.

Review Dismissed Dec. 1, 1988.

Dix & Waterman by J. Stephen Dix and Arthur V. Gage, Tucson, for petitioner employee.

The Industrial Com'n by Dennis P. Kavanaugh, Chief Counsel, Phoenix, for respondent.

State Compensation Fund by Christopher E. Kamper, Chief Counsel, Phoenix, James F. Crane, Asst. Chief Counsel and Robert A. Schuler, Tucson, for respondent employer carrier Sunwest Builders.

Rabinovitz & Associates, P.C. by Bernard I. Rabinovitz and Gary M. Israel, Tucson, for respondent employer Shepis.

The Industrial Com'n by Denise M. Blommel, Asst. Chief Counsel, Phoenix, for respondent carriers No Ins.

## OPINION

LACAGNINA, Chief Judge.

Azuka Uzoh appeals from the administrative law judge's dismissal of Uzoh's claim on the ground that he had waived his rights to compensation pursuant to A.R.S. § 23–1024(B) and that his election under

that statute deprived the Industrial Commission of jurisdiction to consider his entitlement to compensation from the respondent employers. Uzoh argues that the administrative law judge erred in dismissing his claim for lack of jurisdiction because a determination as to who was his employer had not been made. We disagree and affirm.

## FACTS

On May 29, 1986, Uzoh sustained an injury while working at a location being developed by Shepis Development (Shepis). On June 6, 1986, he signed a report of injury claiming that he worked for Shepis. On July 9, he filed a complaint in superior court pursuant to A.R.S. § 23–907(A) alleging that Shepis was his employer and that Shepis had failed to procure workers' compensation coverage. On May 28, 1987, Uzoh filed a new employee report of injury listing both Sunwest Builders and Shepis as his employers. The same day he also filed a new complaint in superior court naming Shepis, Sunwest, Conquest Sunwest, and two other parties as defendants. The complaint alleged that Uzoh was an employee of Shepis and further alleged negligent supervision of employees on the part of Shepis, Sunwest and Conquest Sunwest.

Meanwhile, on June 4, 1987, pursuant to a request by counsel for Uzoh, Shepis was joined in the commission proceedings. On July 9, the administrative law judge held an informal conference among all of the above-listed parties to determine who was Uzoh's employer and whether that employer had coverage. On July 10, the No Insurance Section of the Industrial Commission issued noncompensable awards as to Shepis and Conquest Sunwest. On July 13, the State Compensation Fund issued a notice denying the claim against Sunwest Builders stating that "Claimant is not an employee of Sunwest Builders." On August 13, pursuant to Uzoh's request for hearing to protest the awards, Shepis, State Compensation Fund and the No Insurance Section moved to dismiss all of the defendants from the proceedings on the basis of lack of jurisdiction because Uzoh had elected to pursue civil remedies and had therefore waived any compensation under A.R.S. § 23–1024(B). The administrative law judge dismissed the claim and affirmed her decision upon review. From her decision, Uzoh filed this petition for a special action.

## A.R.S. § 23–1024(B) ELECTION

The issue raised concerns the jurisdiction of the Industrial Commission, when that jurisdiction is exclusive and when it is concurrent with that of the superior court. The administrative law judge has the exclusive authority to determine initially whether an election has been made under A.R.S. § 23–1024(B). *Spear v. Industrial Commission*, 114 Ariz. 601, 604, 562 P.2d 1099, 1102 (App.1977).

Once Uzoh learned that Shepis was uninsured, he had the option to bring an action in superior court. A.R.S. § 23–907(A); *Jeune v. Industrial Commission*, 77 Ariz. 410, 274 P.2d 85 (1954). Uzoh could also have proceeded against Shepis before the commission for compensation from the special fund established by A.R.S. § 23–1065. The superior court has concurrent jurisdiction to determine employment status. *See Walker v. Industrial Commission*, 22 Ariz.App. 442, 528 P.2d 634 (1975). In this case, once the Industrial Commission refused to take jurisdiction to consider the employment status of the parties, it permitted the superior court to decide the issues. If the superior court determines that Sunwest Builders, the only insured employer, was Uzoh's employer, then Uzoh will be entitled to refile his workers' compensation claim against Sunwest. *See Jeune v. Industrial Commission, supra.*

In addition, the Industrial Commission has no authority to render a declaratory judgment as to the employer/employee status of the parties. *See Pressley v. Industrial Commission*, 73 Ariz. 22, 31, 236 P.2d 1011, 1017 (1951); *Spear v. Industrial Commission, supra.*

Finally, we need not decide the employer/employee status of the parties in order to affirm the administrative law judge in

this case. Uzoh elected to have all such issues determined by the superior court. We note, however, that in his superior court action against Conquest Sunwest and Sunwest Builders, Uzoh does not allege that either party is his employer. Therefore, he cannot argue that he has no valid option to join them in the superior court action. *See Jeune v. Industrial Commission, supra* (employee did not have valid option to sue employer because he failed to prove statutory notices had not been posted; filing of a court action was a nullity).

Affirmed.

HOWARD, P.J., and HATHAWAY, J., concur.